



## MEMORANDUM OPINION

No. 04-10-00393-CR

David Cepeda **JONES**,
Appellant

v.

**STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 928953
Honorable Monica Guerrero, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice

Delivered and Filed:   July 7, 2010

DISMISSED FOR LACK OF JURISDICTION

On June 23, 2005, appellant was charged with the offense of assault causing bodily injury. On June 9, 2006, the State moved to dismiss the cause. On the same day, the trial court granted the State's motion and dismissed the cause. On April 21, 2010, almost four years after the cause was dismissed, appellant filed a notice of appeal.

We ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. First, unless specifically authorized by rule, statute, or constitutional provision, an

appellate court has jurisdiction to consider an appeal by a criminal defendant only from a final judgment of conviction. *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008); *Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961). Second, appellant's notice of appeal is untimely. *See* TEX. R. APP. P. 26.2(a) (requiring a defendant's notice of appeal to be filed within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order). Appellate courts lack jurisdiction over an appeal absent a timely notice of appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Appellant filed a response to our show cause order; however, his response does not provide a basis upon which this court may exercise jurisdiction over this appeal. We, therefore, dismiss this appeal lack of jurisdiction. All pending motions are denied as moot.

PER CURIAM

DO NOT PUBLISH