**Dismiss and Opinion Filed May 18, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01067-CR

### JIMMY DEWAYNE HILL, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 363rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F09-53582-W

## MEMORANDUM OPINION

Before Chief Justice Wright and  Justices Myers and Brown
Opinion by Chief Justice Wright

Jimmy Dewayne Hill was convicted, following the adjudication of his guilt, of aggravated robbery with a deadly weapon. Sentence of fourteen years' imprisonment was imposed on May 12, 2011. The Court now has before it the State's motion to dismiss the appeal stating that appellant's notice of appeal, which does not challenge the trial court's orders nunc pro tunc, is untimely as to the May 12, 2011 sentencing date.

On July 11, 2014, appellant filed a pro se motion for nunc pro tunc order to delete the deadly weapon finding from the trial court's judgment. On July 22, 2014, the trial entered a nunc pro tunc order that states "Court did no finding of deadly weapon at the time of revocation." On August 15, 2014,[1] appellant filed a pro se notice of appeal that does not

---

[1] The notice of appeal was filed in this Court first, then transmitted to the Dallas County District Clerk's Office. *See* TEX. R. APP. P 25.2(e).

challenge the nunc pro tunc order itself, but uses the entry of the nunc pro tunc order to challenge the validity of the underlying conviction. On November 4, 2014, the trial court entered a second nunc pro tunc order that states,

> [t]he nunc pro tunc entered July 22, 2014, ordering that the court did not find a deadly weapon at the time of revocation was in error. The record shows that the defendant pled guilty to aggravated robbery with a deadly weapon, which necessarily includes a finding of a deadly weapon. Judge Holmes does not believe this requires a separate finding of a deadly weapon. This order corrects the nunc pro tunc order entered on July 22, 2014 in Volume 509, page 472.

Appellant did not file a new notice of appeal following the entry of the November 4, 2014 nunc pro tunc order.

In its motion to dismiss, the State asserts that this Court lacks jurisdiction over the appeal because appellant's notice of appeal, while timely as to the July 22, 2014 order, does not challenge that order. Rather, appellant challenges the underlying conviction, and the September 2, 2014 notice of appeal is not timely as to the May 12, 2011 sentencing date. The State further asserts that the August 15, 2014 notice of appeal is not effective as to the later-entered November 4, 2014 nunc pro tunc order. Appellant responds that the trial court failed to award appellant all of his back time credit, for which he "properly" sought a nunc pro tunc judgment, no new notice of appeal is needed because all of his post-conviction motions are properly included within the scope of the appeal, the judgment of conviction is void. We agree with the State that we lack jurisdiction over this appeal.

"Jurisdiction concerns the power of the court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is

authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 697–97 (Tex. Crim. App. 2008)).

Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 645, 646 (Tex. Crim. App. 2004); *see also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right to appeal by defendant). To invoke this Court's jurisdiction, an appellant must file his notice of appeal within the time provided by the Texas Rules of Appellate Procedure. *See Blanton*, 369 S.W.2d at 902; *Olivo*, 918 S.W.2d at 523; *see also* TEX. R. APP. P. 26.2(a) (time to file notice of appeal); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

A nunc pro tunc order is appealable, *see Blanton*, 369 S.W.3d at 904, and appellant's August 15, 2014 notice of appeal is timely as to the July 22, 2014 nunc pro tunc order. *See* TEX. R. APP. P. 25.2(e), 26.2(a)(1). The notice of appeal, however, does not attack the July 22, 2014 order, which was, in fact, favorable to appellant. Rather, the notice of appeal uses the entry of the nunc pro tunc order as a basis for attacking the underlying judgment of conviction.

The purpose of a nunc pro tunc order is to correct a clerical error in a judgment; it may not be used to correct judicial errors. *See Blanton*, 369 S.W.3d at 898. Appellant seeks to use the July 22, 2014 nunc pro tunc order to change, on appeal, the judicial determination of his underlying conviction, which is not a permissible purpose of the nunc pro tunc order. *See id.* Appellant was sentenced in open court on May 12, 2011, and the August 15, 2014 notice of appeal is untimely as to that date. *See* TEX. R. APP. P. 26.2(a)(1); *Blanton*, 369 S.W.2d at 902; *Slaton*, 918 S.W.2d at 210.

Moreover, when the trial court entered the second nunc pro tunc order on November 4, 2014, which was unfavorable to appellant, he did not file a new notice of appeal within thirty

days of that date. Further, his September 2, 2014 notice of appeal cannot be considered a premature notice of appeal, *see* TEX. R. APP. P. 27.1(b), because the notice of appeal does not in any way contemplate the subsequent entry of a nunc pro tunc order vacating the July 22, 2014 nunc pro tunc order. *See* TEX. R. APP. P. 25.2(c) (form and sufficiency of notice of appeal). Thus, we conclude appellant has not timely appealed the trial court's November 4, 2014 nunc pro tunc order.

Finally, appellant's complaint that the trial court has not granted him all of his back time credit, which he asserts he sought by motion for judgment nunc pro tunc, is not appealable. While a nunc pro tunc order is appealable, the denial of a nunc pro tunc order is not appealable. *See Abbott*, 271 S.W.3d at 697 (no rule or statutory or constitutional provision authorizing appeal from post-judgment order denying back time credit motion.)

For the reasons set forth above, we conclude we lack jurisdiction over the appeal. Accordingly, we grant the State's motion to dismiss the appeal.

We dismiss the appeal for want of jurisdiction.


Do Not Publish
TEX. R. APP. P. 47
141067F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JIMMY DEWAYNE HILL, Appellant

No. 05-14-01067-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-53582-W.
Opinion delivered by Chief Justice Wright,
Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered May 18, 2015.