**DISMISS; and Opinion Filed September 29, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00818-CR

### TERRANCE LEE PERRY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F16-23680-R

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Schenck

Terrance Lee Perry appeals the trial court's order placing him on deferred adjudication for possession of a controlled substance. Under an agreement with the State, appellant pleaded guilty and was placed on deferred adjudication for four years. Appellant now seeks to appeal the trial court's order. We dismiss this appeal for want of jurisdiction.

Appellant was charged with the state jail felony offense of possession of less than one gram of cocaine. He entered into a plea bargain agreement with the State in which he agreed to judicially confess and plead guilty in exchange for the State's recommendation that the trial court defer adjudication, place him on four years of community supervision, and assess a fine of $1500. Under the agreement, the State recommended a substance-abuse-felony-punishment facility although appellant requested intensive outpatient treatment. Appellant signed an "Admonition of Felony Plea" that included the following:

Defendant after careful consideration of his plea and trial options has indicated he wishes to accept the State's offer of probation but have the Judge determine the appropriate substance treatment facility. Defendant acknowledges that he and his attorney fully discussed trial/plea options. Defendant acknowledges that no promises or inducements were made to cause the defendant to accept this plea.

He also signed the plea agreement which stated, in pertinent part:

I understand that I have a right to appeal to the Court of Appeals. After consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal if the Court follows the terms of the State's recommendation as to sentencing.

The trial court's June 9, 2016 order reflects that, under the plea bargain agreement, appellant was placed on deferred adjudication for four years with a $1500 fine. The rule 25.2 certification of right to appeal, signed by the trial court, appellant, and appellant's trial counsel, states this is "a plea-bargain case, and the defendant has NO right to appeal" and "the defendant has waived the right to appeal."

Appellant filed a letter, postmarked July 5, 2016, which we treated as a notice of appeal. When the clerk's and reporter's records were not timely filed, we sent a letter telling the district clerk and the court reporter to file the records. In response, the court reporter informed the Court appellant had waived his right to appeal and attached a copy of the trial court's rule 25.2 certification. We sent appellate counsel and the State letters questioning our jurisdiction; thereafter, the district clerk filed the clerk's record.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is

authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting

*Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)).

Under the rules of appellate procedure, the record must include the trial court's

certification of the defendant's right to appeal. See TEX. R. APP. P. 25.2(d). The court of appeals

must dismiss an appeal if the certification shows the defendant has no right to appeal. *See id*.

Rule 25.2(a)(2) limits a defendant's right to appeal in plea bargain cases; specifically,

> [i]n a plea bargain case—that is, a case in which defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial, or
>
> (B) after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the record shows appellant agreed to plead guilty in exchange for an agreed

sentence of deferred community supervision for four years and a $1500 fine. Appellant also

agreed to give up his right to appeal. The trial court followed the plea agreement and completed

the rule 25.2 certification stating this was a plea-bargain case, appellant waived his right to

appeal, and appellant had no right of appeal. The rule 25.2 certification is supported by the

record, including the plea agreement signed by appellant, his trial counsel, the State, and the trial

court. Because the certification and the record show appellant has no right to appeal, we

conclude we lack jurisdiction over this appeal.

We dismiss this appeal.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

160818F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TERRANCE LEE PERRY, Appellant

No. 05-16-00818-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F16-23680-R.
Opinion delivered by Justice Schenck,
Justices Francis and Stoddart participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 29th day of September, 2016.