

# IN THE
## TENTH COURT OF APPEALS

### No. 10-18-00200-CR

ANTHONY JAMES HAUK,

Appellant

v.

THE STATE OF TEXAS,

Appellee

**From the 413th District Court
Johnson County, Texas
Trial Court No. F50285**

## MEMORANDUM OPINION

Anthony James Hauk's notice of appeal states that he is appealing from the post-conviction "written order denying his motion for disqualification and motion for recusal of the trial court judge."

The right of appeal in criminal cases is conferred by the Legislature, and a defendant may appeal only from judgments of conviction or orders authorized as appealable. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018); TEX. R. APP. P. 25.2(a)(2); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("'[T]he

standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008))). An order denying a motion to recuse may therefore be reviewed only on appeal from a final judgment. TEX. R. CIV. P. 18a(j)(1)(A). An order denying a motion to disqualify may be reviewed by mandamus "and may be appealed in accordance with other law." *See id.* R. 18a(j)(2). Because there is no "other law" allowing an appeal of an order denying a motion to disqualify in a case such as this, the denial of the motion to disqualify may also be appealed only from the final judgment. *See id.* R. 18a; *Gore v. Gore*, No. 05-13-01025-CV, 2014 WL 1018650, at *1 (Tex. App.—Dallas Mar. 17, 2014, no pet.) (mem. op.).

Here, Hauk is not seeking review of the post-conviction "written order denying his motion for disqualification and motion for recusal of the trial court judge" in an appeal from his final judgment of conviction and sentence.[1] Hauk is seeking review of the post-conviction "written order denying his motion for disqualification and motion for recusal of the trial court judge" in a direct appeal from the order itself. The order, however, is not an appealable order; therefore, we have no jurisdiction over this appeal. *See Ragston*, 424 S.W.3d at 52; *see also Abbott*, 271 S.W.3d at 696-97; *see also Hill v. State*, No.

---

[1] The trial court's certification of Hauk's right of appeal from his final judgment of conviction and sentence indicates that the underlying case was a plea-bargain case and that Hauk has no right of appeal as to punishment issues and also that Hauk has waived his right of appeal as to guilt/innocence issues. Any appeal from Hauk's final judgment of conviction and sentence would therefore be dismissed. *See* TEX. R. APP. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules."); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (plea bargain); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (waiver of appeal).

07-17-00073-CR, 2017 WL 1316300, at *1 (Tex. App.—Amarillo Apr. 17, 2017, no pet.) (mem. op., not designated for publication).

For the reasons stated, this appeal is dismissed.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Opinion delivered and filed November 7, 2018
Do not publish
[CR25]

