**DISMISS and Opinion Filed March 26, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00333-CR

**ROBERT JOSEPH SCHMITT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-81160-00**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Pedersen, III
Opinion by Chief Justice Burns

After finding Robert Joseph Schmitt guilty of two counts of aggravated sexual assault of a child, the jury assessed punishment at twenty years in prison for each conviction. The trial court ordered that the two terms run cumulatively for a total for forty years in prison. On direct appeal, appellant raised twenty-three issues, none of which challenged his cumulated sentence. *See Schmitt v. State*, No. 12-01-00306-CR, 2003 WL 22411210 (Tex. App.—Tyler Oct. 22, 2003, no pet.) (mem. op., not designated for publication). After filing several habeas applications, appellant filed a motion for judgment nunc pro tunc which the trial court granted, deeming the cumulated sentences "illegal and unauthorized by law." *State v. Schmitt*, No. PD–0594–11, 2012 WL 3996813, *1 (Tex. Crim. App. Sept. 12, 2012) (not designated for publication). The trial court then ordered appellant's sentences to run concurrently. *Id*. When the State appealed, this Court

vacated the judgment nunc pro tunc and reinstated the original sentences because the trial court's judgment nunc pro tunc "acted to change a judicial determination, rather than correct a clerical error." *Id.* The Texas Court of Criminal Appeals affirmed this Court. *Id.* at *4.

The Court now has before it appellant's March 20, 2019 "Motion for Out-of-Time Rehearing" and "Notice of Appeal." In these documents, appellant does not reference any new appealable orders but instead claims he is granting us jurisdiction to address the illegal cumulation of his sentences.

An appellate court has jurisdiction to determine an appeal only if the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). When the appellate court's jurisdiction is not legally invoked, the court has no power to act. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Here, there is no new judgment or appealable order. To the extent appellant challenges his original sentence or this Court's prior ruling on the trial court's judgment nunc pro tunc, his complaint is untimely. *See* TEX. R. APP. P. 26.2. Furthermore, he raises his complaint in the improper forum. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (2015); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals.").

Because we lack jurisdiction, we dismiss the appeal.


/Robert D. Burns, III/

ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190333f.u05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERT JOSEPH SCHMITT, Appellant

No. 05-19-00333-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-81160-00.
Opinion delivered by Chief Justice Burns, Justices Myers and Pedersen, III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered March 26, 2019.