**DISMISSED; Opinion Filed March 26, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00328-CR

**MICHAEL DEWAYNE SCOTT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F09-72047-H**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

Michael Dewayne Scott was originally placed on deferred adjudication for aggravated sexual assault of a child younger than 14 years of age. On December 10, 2010, the trial court granted the State's motion to proceed with an adjudication of guilt, found appellant guilty, and assessed punishment at thirty-five years in prison. This Court affirmed his conviction on direct appeal. *See Scott v. State*, No. 05-11-00017-CR, 2011 WL 5120740, at *1 (Tex. App.—Dallas Oct. 31, 2011, no pet.).

The Court now has before it Mr. Scott's March 18, 2019 "Appeal from The Conviction of District Court No. 1 of Dallas County, Texas." He does not reference any new appealable order, but instead articulates reasons we should overturn the conviction we previously affirmed. Prior to

our original opinion, and pursuant to the *Anders v. California*[1] procedures in which his prior counsel averred there were no arguable grounds that might support the appeal, Mr. Scott had an opportunity to raise the issues he raises in his present filing. *See Scott*, 2011 WL 5120740, at *1 ("We advised appellant of his right to file a pro se response, but he did not file a pro se response.").

Here, Mr. Scott seeks to appeal his original 2010 conviction, which we affirmed by opinion and judgment on October 31, 2011. *See Scott*, 2011 WL 5120740, at *1. An appellate court has jurisdiction to determine an appeal only if the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Mandate issued January 24, 2012. When the appellate court's jurisdiction is not legally invoked, the court has no power to act. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996); TEX. R. APP. P. 19.1(a) (courts of appeals' plenary power over judgments expires 60 days after judgment); *see, e.g.*, *Knoop v. State*, No. 07-15-00241-CR, 2015 WL 4143264 (Tex. App.—Amarillo July 9, 2015, no pet.) (dismissing case when appellant waited several years after *Anders* proceedings to file pro se response because, 60 days after its original judgment, court of appeals lost plenary power pursuant to rule 19.1).

We dismiss the appeal.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190328F.U05

---

[1] 386 U.S. 738 (1967).



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL DEWAYNE SCOTT,
Appellant

No. 05-19-00328-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F09-72047-H.
Opinion delivered by Justice Carlyle,
Justices Bridges and Partida-Kipness
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 26th day of March, 2019.