

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00237-CR

**BONNIE ALLEN THOMAS AKA BONNIE ALLEN-PIERONI, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 18th District Court
Johnson County, Texas
Trial Court No. F50926, Honorable F.B. McGregor, Jr., Presiding

November 2, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Bonnie Allen Thomas, filed a notice of appeal from the Tenth Court of Appeals' mandate affirming her conviction. We dismiss the purported appeal for want of jurisdiction.

In 2017, appellant was convicted of carrying a weapon in a prohibited place[1] and sentenced to five years' confinement, suspended in favor of community supervision. The Tenth Court affirmed her conviction in *Thomas v. State*, No. 10-17-00138-CR, 2019 Tex.

---

[1] *See* TEX. PENAL CODE ANN. § 46.03(a), (g) (West Supp. 2020) (third-degree felony offense).

App. LEXIS 7856, at \*20 (Tex. App.—Waco Aug. 28, 2019, pet. ref'd) (mem. op., not designated for publication), and the Court of Criminal Appeals refused her petition for discretionary review.  On July 13, 2020, the Tenth Court issued its mandate affirming the trial court's judgment.  Thereafter, appellant filed a notice of appeal stating "[t]he justices at the 10th Court of Appeals have not followed the constitution their decision rendered 7/13/20 is void."  That appeal was later transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

We have jurisdiction to consider an appeal from a judgment of conviction or where appellate jurisdiction has been expressly granted by law.  *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008).  Because an appellate court's mandate is neither a judgment of conviction nor a trial court order from which an appeal is specifically authorized, we lack jurisdiction over such an appeal.  *See* TEX. R. APP. P. 18.1 (requiring an appellate court clerk to issue a mandate in accordance with the appellate court's judgment after the judgment becomes final).  Furthermore, to the extent appellant seeks to challenge her conviction by this appeal, we are also without jurisdiction.  Only the Court of Criminal Appeals has jurisdiction to grant post-conviction relief from a final felony conviction.  *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

Accordingly, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.

2