

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00340-CR

DUSTIN KENDRICK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2010-427,528, Honorable William R. Eichman II, Presiding

January 6, 2021

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Dustin Kendrick, appearing pro se, seeks to appeal the trial court's *Order Denying Defendant's Motion for Jurisdiction Inquiry with Incorporated Memorandum.* We dismiss the purported appeal for want of jurisdiction.

In 2012, pursuant to a plea bargain agreement, appellant was convicted of capital murder and sentenced to life imprisonment without the possibility of parole. In July 2020, appellant filed "Defendant's Motion for Jurisdiction Inquiry with Incorporated

Memorandum" in the trial court, challenging the trial court's jurisdiction to convict him. The trial court denied the motion and this appeal followed.

Generally, an appellate court has jurisdiction to consider an appeal by a criminal defendant only from a judgment of conviction or where appellate jurisdiction has been expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). We have found no authority to consider an appeal from an order denying a defendant's post-conviction challenge to the trial court's original jurisdiction. *See Bowman v. State*, No. 02-20-00146-CR, 2020 Tex. App. LEXIS 10017, at *5-6 (Tex. App.—Fort Worth Dec. 17, 2020, no pet. h.) (mem. op., not designated for publication) (finding no authority to review the denial of a post-conviction "Motion to Call into Question Trial Court's Jurisdiction with Incorporated Memorandum"). Rather, only the Court of Criminal Appeals has jurisdiction over matters seeking post-conviction relief from a final felony conviction. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07 (West 2015) (outlining the procedures for an application for writ of habeas corpus); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

By letter of December 3, 2020, we directed appellant to show how we have jurisdiction over the appeal. Although appellant filed a response, he did not demonstrate grounds for continuing the appeal.

Because the trial court's *Order Denying Defendant's Motion for Jurisdiction Inquiry with Incorporated Memorandum* is not a judgment of conviction or an appealable order, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.

2