

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00005-CR

_____

IRA HENRY III, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 0644657A

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

In March 2021, appellant Ira Henry III filed documents in the trial court that seemed to seek a judgment nunc pro tunc "to have this judgment and sentence corrected, finding cleri[c]al mistakes in the judgment"; an "Appeal From Judgment"; and postconviction relief. The documents were filed in this court in January 2022.

We questioned our jurisdiction on three bases: (1) there was no appealable order based on a motion for judgment nunc pro tunc filed in the trial court; (2) we have no jurisdiction over postconviction relief; and (3) any attempted appeal from his 1998 conviction would be untimely in 2022 and, presumably, precluded by our prior review of his 1998 conviction. *See* Tex. R. App. P. 26.2(a); *Abbott v. State*, 271 S.W.3d 694, 696 (Tex. Crim. App. 2008); *Ater v. Eighth Ct. of App.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *Henry v. State*, No. 02-98-00297-CR (Tex. App.—Fort Worth Oct. 28, 1999, no pet.) (not designated for publication). We recognized, however, that we could have (1) mandamus jurisdiction to consider a complaint about the trial court's failure to rule on a motion for judgment nunc pro tunc or about the trial court's denial of such a motion or (2) appellate jurisdiction to determine a timely appeal from a judgment nunc pro tunc. *See Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012); *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010); *Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004). We invited Henry to respond and warned that we could dismiss his appeal if he did not show grounds for our jurisdiction. *See* Tex. R. App. P. 44.3.

2

Henry responded that his documents had not been an appeal but had been attempts to move for a judgment nunc pro tunc in the trial court and to file a postconviction writ of habeas corpus. In short, Henry is not attempting to appeal anything to this court at this time. Thus, we dismiss his appeal. *See* Tex. R. App. P. 43.2(f). The clerk of this court shall forward Henry's documents, which were filed in this court on January 6, 2022, to the trial court to be considered as a motion for judgment nunc pro tunc and as an application for a postconviction writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07; Tex. R. App. P. 23.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 24, 2022