

## IN THE
## TENTH COURT OF APPEALS

No. 10-21-00136-CR
No. 10-21-00137-CR
No. 10-21-00138-CR
No. 10-21-00139-CR
No. 10-21-00140-CR
No. 10-21-00141-CR

**JAMES RILEY LEMONS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 278th District Court
Walker County, Texas
Trial Court Nos. 29221, 29317,
29313, 29311, 29309, 29315

## MEMORANDUM OPINION

Appellant James Riley Lemons appeals his convictions in each of the above-numbered cases. We will affirm the judgment in docket numbers 10-21-00136-CR

through 10-21-00140-CR and dismiss docket number 10-21-00141-CR for want of jurisdiction.

## Background

In a consolidated trial, Lemons was found guilty of the state jail felony of theft of copper in an amount less than $20,000 in trial court numbers 29221, 29317, 29313, 29311, and 29309. Lemons was acquitted of the same offense in trial court number 29315. The trial court assessed punishment and sentenced Lemons to two years' incarceration as to five of the offenses with the sentences to run concurrently. Although represented by appointed counsel at trial, Lemons signed a written waiver of counsel for appeal and is pursuing his appeal in each conviction *pro se*.

Lemons raises numerous issues to which the State has responded on four grounds: (1) whether there was sufficient evidence to support Lemons' convictions; (2) whether Lemons received ineffective assistance of counsel; (3) whether the trial court violated Lemons' right to a speedy trial; and (4) whether the trial court erred in failing to instruct the jury regarding identification. We will adopt the State's classification of Lemons' issues.

## 10-21-00141-CR
### (Trial Court Number 29315)

Lemons was acquitted in this case. "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). Article 44.02 of the Code of Criminal Procedure authorizes a defendant to appeal from a final conviction.

TEX. CODE CRIM. PROC. ANN. art. 44.02. We have no jurisdiction over an appeal by a defendant from an acquittal. *See McIntosh v. State*, 110 S.W.3d 51, 52 (Tex. App.—Waco 2002, order) (article 44.02 allows an appeal only from a final judgment of conviction); *see also Washington v. State*, No. 02-18-00180-CR, 2018 WL 2727834, at *1 (Tex. App.—Fort Worth June 7, 2018, no pet.) (mem. op., not designated for publication) (appellate court has no jurisdiction over defendant's appeal from judgment of acquittal). Accordingly, Case Number 10-21-00141-CR (Trial Court Number 29315) is dismissed for lack of jurisdiction.

**10-21-00136-CR, 10-21-00137-CR,**
**10-21-00138-CR, 10-21-00139-CR,**
**and 10-21-00140-CR**
**(Trial Court Numbers 29221, 29317,**
**29313, 29311, and 29309)**

**Issue One**

The issues are the same in each of the above-numbered appeals.

AUTHORITY

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750

(Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

A hypothetically correct charge would instruct the jury to find Lemons guilty if the State proved beyond a reasonable doubt that (1) Lemons (2) appropriated copper (3) valued at less than $20,000.00 (4) without the effective consent of the owner, David Killingsworth, (5) with the intent to deprive Killingsworth of the copper. *See* TEX. PENAL CODE ANN. § 31.03(a), (b)(1).

DISCUSSION

Lemons argues that he was not identifiable as the person seen on the surveillance videos, that he was not in possession of the stolen copper when arrested, and that he was not wearing the clothes when arrested that were seen on the individual in the surveillance videos.

The owner of the business from which the copper was taken, Killingsworth, testified: (1) he was missing air conditioning pieces that contained copper; (2) his surveillance videos showed an individual removing material from his property that contained copper; (3) he had not given the individual consent to remove any material from his property; and (4) the value of the stolen property was less than $20,000. The dates the individual is seen on the surveillance videos correspond with the dates charged in the indictments. The investigating officer testified: (1) he knew Lemons from previous encounters; and (2) he recognized Lemons as the individual depicted in the videos taking material from Killingsworth's property. The officer further testified that Lemons possessed a distinctive walk that was also exhibited by the individual on the surveillance videos. The clothing worn by Lemons at the time of his arrest, as seen in State's Exhibit 5, is similar to the clothing worn by the individual seen on the surveillance videos removing items from Hollingsworth's property.

Lemons further argues that the evidence was insufficient because the property that was stolen did not have signs designating the area as "private" or "no trespassing." Killingsworth testified, however, that the property was stored in a location on his property that was not open to the public and was not within public view.

Lemons also argues that he could only be found guilty of a misdemeanor because the copper that was stolen was less than $750 in value. However, theft becomes a state jail felony if the material stolen is copper and is valued at less than $20,000. TEX. CRIM. PROC. CODE ANN. § 31.03(e)(4)(F).

As noted, the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the testimony. After viewing all of the evidence in the light most favorable to the verdict, the jury could have found the essential elements of the crime beyond a reasonable doubt and could have found that Lemons was the individual who committed the crime charged in the indictments. Lemons' first issue is overruled.

**Issue Two**

AUTHORITY

To prevail on an ineffective assistance of counsel claim, the familiar *Strickland* test must be met. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *see also Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Under *Strickland*, the appellant must prove by a preponderance of the evidence that: (1) counsel's performance was deficient; and (2) the defense was prejudiced by counsel's deficient performance. *Wiggins*, 539 U.S. at 521, 123 S.Ct. at 2535; *Andrews*, 159 S.W.3d at 101. Absent both showings, an appellate court cannot conclude that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Andrews*, 159 S.W.3d at 101.

Trial counsel should ordinarily be afforded an opportunity to explain his or her actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective requires impermissible speculation by the appellate court. *State v. Frias*, 511 S.W.3d 797, 810 (Tex. App.—El Paso 2016, pet. ref'd). Absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate or decide an ineffective-assistance claim. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Thus[,] an application for a writ of *habeas corpus* is the more appropriate vehicle to raise ineffective assistance of counsel claims." *Rylander*, 101 S.W.3d at 110. In the absence of a developed record, counsel should be found ineffective only if his or her conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

DISCUSSION

Lemons argues that the two attorneys who represented him prior to trial were ineffective in failing to present the pre-trial motions he requested them to file. The record is silent as to the reasons for counsels' conduct, and a finding that either counsel was ineffective would require impermissible speculation on our part. *See Herrera v. State*, No. 10-15-00160-CR, 2016 WL 1613588, at *2 (Tex. App.—Waco, Apr. 21, 2016, pet. ref'd) (mem. op., not designated for publication).

Additionally, counsel's failure to file or obtain a ruling on a pre-trial motion is not "categorically deemed ineffective assistance because trial counsel may decide not to file pretrial motions as part of his or her trial strategy." *Hudson v. State*, 128 S.W.3d 367, 381 (Tex. App.—Texarkana 2004, no pet.); *see also Richardson v. State*, 606 S.W.3d 375, 383 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *Mares v. State*, 52 S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref'd). Lemons' second issue is overruled.

### Issue Three

AUTHORITY

We review a trial court's ruling on a speedy trial claim under a bifurcated standard. *Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008). Legal issues are reviewed *de novo* while factual findings are reviewed for an abuse of discretion. *Id.* In determining whether an accused has been denied his Sixth Amendment right to a speedy trial, we must use a balancing test to weigh the conduct of both the prosecution and the defendant. *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191-92, 33 L.Ed.2d 101 (1972)). The factors to be weighed include but are not limited to: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant resulting from the delay. *Balderas v. State*, 517 S.W.3d 756, 767 (Tex. Crim. App. 2016). No single factor is necessary or sufficient to establish a violation of the right to a speedy trial. *Id*. If a defendant can make a threshold showing that the interval between pre-trial incarceration and trial is "presumptively prejudicial," then the trial court must consider each of the remaining *Barker* factors and weigh them.

*Id.* "Presumptive prejudice" "simply marks the point at which courts deem the delay unreasonable enough to trigger [further] enquiry." *State v. Lopez*, 631 S.W.3d 107, 114 (Tex. Crim. App. 2021) (quoting *State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999)). Generally, "a delay of eight months to a year, or longer, is presumptively prejudicial and triggers a speedy trial analysis." *Id.*

Review of the individual *Barker* factors necessarily involves fact determinations and legal conclusions, but the balancing test as a whole is a purely legal question. *Cantu*, 253 S.W.3d at 282; *see also Henson v. State*, 407 S.W.3d 764, 769 (Tex. Crim. App. 2013) (observing that at least two of the *Barker* factors—the reason for the delay and the prejudice to the accused—are fact-specific inquiries). Courts are directed to apply the balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed. *Cantu*, 253 S.W.3d at 281. We must also be mindful that the constitutional right is that of a speedy trial, not dismissal of the charges. *Id.*

DISCUSSION

After Lemons' first arrest in June 2019 in trial court number 29221, he was released on bond. After his indictment, Lemons was appointed an attorney. Lemons was arrested again on October 31, 2019 as a result of the charges in the remaining cases. Lemons' request for new counsel was granted and a new attorney was appointed on December 27, 2019. Lemons subsequently requested another new attorney. The trial court denied Lemons' request, and Lemons elected to represent himself.

Lemons filed numerous *pro se* motions, both while represented by counsel and while appearing *pro se*. The trial court conducted a hearing on March 4, 2021 on the status of Lemons' representation and the *pro se* speedy trial motion he filed on February 21, 2021. The trial court denied Lemons' request to dismiss the charges against him due to a speedy trial violation and made the following findings:

1. The defendant has been incarcerated awaiting trial since October 31, 2019.

2. The defendant has been indicted on all of the pending cases since December 18, 2019.

3. The defendant has been appointed counsel multiple times, and has requested they be removed each time.

4. At the present time the defendant is without appointed counsel.

5. At all times since the defendant has been indicted the State has been ready for trial.

6. The Court has experienced delays in its trial schedule due to COVID.

Balancing the *Barker* factors, the trial court did not err in determining that the delays in this case were due to COVID and Lemons' repeated requests for new counsel. Even assuming the *Barker* elements weigh against the State, Lemons has not identified any prejudice he experienced as a result of the delay. Lemons' third issue is overruled.

**Issue Four**

AUTHORITY

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm.

*Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). If the error was preserved by objection, any error that is not harmless will constitute reversible error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Landrum v. State*, 590 S.W.3d 640, 645 (Tex. App.—Waco 2019, pet. ref'd).

DISCUSSION

The charge as given put Lemons' identity at issue as the State was required to prove that Lemons was the individual who committed the offenses charged in the indictments. Lemons did not object to the charge as given. The error, if any, was not egregiously harmful. Lemons' Fourth issue is overruled.

**Conclusion**

Having overruled all four issues raised by Lemons, we affirm the trial court's judgments in Cause Number 10-21-00136-CR (trial court number 29221), Cause Number 10-21-00137-CR (trial court number 29317), Cause Number 10-21-00138-CR (trial court number 29313), Cause Number 10-21-00139-CR (trial court number 29311), and Cause Number 10-21-00140-CR (trial court number 29309).

We dismiss the appeal in Cause Number 10-21-00141-CR (trial court number 29315) for lack of jurisdiction. To the extent Lemons raises additional arguments, they are not sufficiently briefed and are overruled. *See* TEX. R. APP. P. 38.1.


MATT JOHNSON
Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed; dismissed for lack of jurisdiction
Opinion delivered and filed April 27, 2022
Do not publish
[CR25]

