**DISMISS and Opinion Filed May 11, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-22-00430-CR**
**No. 05-22-00431-CR**
**No. 05-22-00432-CR**
**No. 05-22-00433-CR**

**JARRICK RYAN CROWE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. W15-34070-A, W15-34078-A,**
**W15-34079-A & W15-76048-A**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Partida-Kipness

On April 26, 2022, Jarrick Ryan Crowe filed his notices of appeal in the Dallas County District Clerk's office, seeking to challenge the trial court's April 8, 2022 findings of fact and conclusions of law on his applications for Article 11.07 writs of habeas corpus. The notices were forwarded to this Court.

A court of appeals may review appeals only when authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). An applicant imprisoned after final conviction for a felony offense who desires to apply for habeas relief must

do so under article 11.07 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. art. 11.07, §§ 1, 3; *Bd. of Pardons and Paroles ex rel. Keene v. The Eighth Court of Appeals,* 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding). This Court is not authorized by law to review the trial court's determinations on an article 11.07 writ application. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(b) (providing writ of habeas corpus filed after final conviction of felony for which death penalty is not imposed must be filed with trial court clerk and writ of habeas corpus is returnable to court of criminal appeals); *Keene*, 910 S.W.2d at 483; *see also Ex parte Wicker*, No. 02-18-00318-CR, 2018 WL 4140642, at *1 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (mem. op., not designated for publication) (dismissing appeal of trial court's order recommending denial of article 11.07 writ application).

Because we have no jurisdiction to review the trial court's determinations on appellant's article 11.07 applications for writ of habeas corpus, we dismiss these appeals.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220430F.U05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

JARRICK RYAN CROWE,
Appellant

No. 05-22-00430-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. W15-34070-A.
Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 11th day of May 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JARRICK RYAN CROWE,
Appellant

No. 05-22-00431-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. W15-34078-A.
Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 11th day of May 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JARRICK RYAN CROWE,
Appellant

No. 05-22-00432-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. W15-34079-A.
Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 11th day of May 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JARRICK RYAN CROWE,
Appellant

No. 05-22-00433-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. W15-76048-A.
Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered this 11th day of May 2022.