**DISMISSED and Opinion Filed July 6, 2022**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-00512-CR**
_____

**EX PARTE EDRICK PAUL FULLER**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. WX21-93120-J**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

Edrick Paul Fuller appeals from the trial court's ruling, reflected only in a docket sheet entry, denying his pretrial application for writ of habeas corpus in which he sought to dismiss the prosecution with prejudice for failure to provide him a speedy trial. We dismiss for want of jurisdiction.

This is the second appeal appellant has filed regarding the denial of his habeas application. We dismissed for want of jurisdiction the first appeal because there was no written order and the right to a speedy trial is not cognizable on a pretrial habeas application. *See Ex parte Fuller*, No. 05-21-01178-CR, 2022 WL 304705 (Tex. App.—Dallas Feb. 2, 2022, no pet.) (mem. op., not designated for publication). Now,

following resolution of the underlying case, appellant seeks to re-appeal the denial of pretrial habeas relief.

The clerk's record has been filed in this case. As in appellant's previous appeal of this matter, the clerk's record shows the trial court has not entered a signed, written order ruling on appellant's pretrial application for writ of habeas corpus. It further shows relator has been placed on deferred adjudication.[1]

Because nothing has changed in the interim that would confer jurisdiction on the court to consider an appeal of this pretrial habeas matter, we adopt the reasoning set forth in our earlier opinion. *See Fuller*, 2022 WL 304705, at *1. Because the record does not show that the trial court has entered a written order that would confer jurisdiction on this court, and because an alleged violation of the right to a speedy trial is not cognizable on a pretrial application for writ of habeas corpus, we lack jurisdiction to consider the appeal. *See* TEX. R. APP. P. 26.2(a)(1); *State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010).

Appellant has filed pro se motions complaining of problems with the clerk's record, seeking to supplement the record with material related to a superseded indictment, and seeking to compel the trial court to enter an order on his pretrial habeas application. An appellate court has jurisdiction to act in an appeal only if the

---

[1] Appellant has appealed the trial court's order placing him on deferred adjudication in the underlying case. That appeal is pending as cause no. 05-22-00511-CR.

–2–

appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). When our jurisdiction has not been legally invoked, we have no power to act. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Without jurisdiction, we cannot rule on appellant's pending motions. *See, e.g.*, *McCollum v. State*, No. 05-21-00816-CR, 2021 WL 4771576, at \*1 (Tex. App.—Dallas Oct. 13, 2021, no pet.) (mem. op., not designated for publication) (when appellate court lacks jurisdiction over appeal, it follows that it also lacks jurisdiction to rule on pending motions).

We dismiss this appeal.

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

220512f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

EX PARTE EDRICK PAUL
FULLER

No. 05-22-00512-CR

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. WX21-93120-
J.
Opinion delivered by Justice Carlyle.
Justices Myers and Goldstein
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 6th day of July, 2022.