**DENIED and Opinion Filed April 21, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00214-CV**

**IN RE ROBERT ARTHUR MOSES, Relator**

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-81377-2015**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Breedlove
Opinion by Justice Breedlove

In this original proceeding, Robert Arthur Moses has filed a "Notice of Appeal" to compel the current judge of the trial court that convicted him to grant a motion to recuse herself from his case for failing to rule on a pretrial application for writ of habeas corpus he filed in 2015. Because relator's "Notice of Appeal" seeks what is properly characterized as mandamus relief, we construe the document as a petition for writ of mandamus.

The certificate of service on relator's motion to recuse indicates relator mailed it to the trial court on February 14, 2023. The trial court's online docket sheet on Collin County's website shows entry of an order on March 2, 2023, with a comment line: "Order of Referral on Motion to Recuse." On March 28, 2023, the online docket

sheet shows a second order entered with the comment line "Order Denying Motion to Recuse." Thus, unless relator can show the trial court had a nondiscretionary, ministerial duty to grant the motion to recuse, this case appears to be moot. *See In re Johnson*, 599 S.W.3d 311, 311 & n.1 (Tex. App.—Dallas 2020, orig. proceeding) (dismissing as moot mandamus petition because trial court's online docket sheet showed relator had obtained requested relief.); *see also State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (explaining general rule that mandamus relief may not be used to compel the trial court to rule a certain way on pending motion unless relator has a clear right to relief sought).

We conclude relator cannot show he has a clear right to relief. As a petition for writ of mandamus, relator's "notice of appeal" does not satisfy the rules of appellate procedure in that it is not styled or structured as a petition, lacks a proper case style, table of contents, index of authorities, statement of the case, a list of issues presented, and a proper certification. *See* TEX. R. APP. P. 52.1, 52.3.

Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). The record must contain certified or sworn copies of all relevant orders and material documents that show the matter complained of or that were filed in the underlying proceeding. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Relator's petition is supported by only one document—his motion to recuse the trial court judge. There is no copy of the pretrial writ relator contends the trial court has failed to adjudicate nor are there any documents providing context for relator's assertion that the trial court has a ministerial duty to grant his motion. Relator's failure to properly certify and support his petition is a sufficient ground to deny his petition. See *In re Butler*, 270 S.W.3d 757, 758–59 (Tex. App.—Dallas 2008, orig. proceeding).

Perhaps to buttress his meager record, relator has filed a motion requesting we take judicial notice of procedural events that happened before his trial. Relator asks us to take judicial notice that the State failed to bring him before a magistrate following his arrest in 2015, that no magistrate determined his arrest was lawful and based on probable cause, that relator filed a pretrial application for writ of habeas corpus under code of criminal procedure article 11.08, and that the trial court failed to rule on his pretrial writ application. Relator contends such matters are appropriate for judicial notice because they are "known within this court's territorial jurisdiction as by cause no. 219-81377-2015."

None of these matters are proper subjects for judicial notice in this proceeding. *See Johnson*, 599 S.W.3d at 311 n.1 (explaining use of judicial notice in mandamus proceedings); *See also Walker*, 827 S.W.2d at 837 (requiring relator to provide record establishing right to mandamus relief); Tex. R. App. P. 52.3, 52.7. We deny the motion.

Even with a more complete record, relator cannot show he is entitled to mandamus relief. Relator was convicted of murder in a jury trial and sentenced to life in prison. This Court affirmed his conviction. *See Moses v. State*, No. 05-16-01391-CR, 2018 WL 4042359 (Tex. App.—Dallas Aug. 23, 2018, pet. ref'd) (mem. op., not designated for publication). The Texas Court of Criminal Appeals refused his petition for discretionary review. Our mandate issued on January 24, 2019.

Because relator was convicted, sentenced to prison, and his conviction is final, any post-conviction habeas relief must be obtained under the procedures set forth in code of criminal procedure article 11.07 and come from the court of criminal appeals. *See Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Judicial Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *see also In re Dunsmore*, No. 01-22-00943-CR, 2023 WL 138876, at \*2 (Tex. App.—Houston [1st Dist.] Jan. 10, 2023 orig. proceeding) (mem. op., not designated for publication) (after final conviction, a relator may not apply to appellate court for mandamus relief asserting trial court has ruled improperly on motion for recusal). Whatever ministerial duty the trial court owed to relator has been satisfied by the order of referral and order denying recusal. *See Dunsmore*, 2023 WL 138876, at \*2.

To the extent that relator's document could be considered a premature notice of appeal anticipating an order denying his motion, we have no jurisdiction to review this type of post-conviction order. Appeals in criminal cases must be specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim.

App. 2011). Generally, we may consider criminal appeals only after the trial court enters a final judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Abbott v. State*, 271 S.W.3d 694, 697 n.8 (Tex. Crim. App. 2008). We are not aware of any authority allowing relator to appeal the denial of a post-conviction order denying recusal. *See Abbott*, 271 S.W.3d at 697; *see also Scott v. State*, No. 11-17-00015-CR, 2017 WL 469374, at *1 (Tex. App.—Eastland Feb. 2, 2017, no pet.) (mem. op., not designated for publication) (dismissing appeal from order denying motion to recuse judge from post-conviction proceedings).

Because relator has not shown he is entitled to mandamus relief, we deny his petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).


/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

230214F.P05