

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1816-07

**JOHNNY RAY ABBOTT, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE TENTH COURT OF APPEALS ELLIS COUNTY**

**HERVEY, J., delivered the opinion for a unanimous Court. HOLCOMB, J., filed a concurring opinion.**

### O P I N I O N

In this case, the court of appeals addressed the merits of appellant's appeal from the trial court's post-judgment order denying appellant's request for a time credit on his 180-day incarceration in a county jail as a condition of his community supervision.[1] We decide that the court of appeals should have dismissed the appeal for lack of jurisdiction.

Appellant was convicted of indecency with a child and received a twenty-year prison

---

[1]

*See Abbott v. State*, 245 S.W.3d 19 (Tex.App.–Waco 2007).

sentence, which appellant began serving on May 25, 2005. On June 7, 2006, this prison sentence was overturned on direct appeal, with a new punishment hearing ordered. By June 4, 2007, appellant had been returned to the Ellis County jail from prison at which time he was released on bond pending the new punishment hearing.[2] *See Abbott*, 245 S.W.3d at 20. At the new punishment hearing on August 16, 2007, a jury sentenced appellant to ten years in prison on the indecency conviction and recommended that this sentence "be suspended subject to community supervision."

The trial court's judgment, dated August 16, 2007, "adjudged [appellant] guilty" of the indecency offense and ordered that appellant be placed on community supervision for ten years commencing on that day "subject to the conditions of supervision imposed by the Court and served on the Defendant." This judgment also recites that appellant's sentence was imposed on August 16, 2007. The trial court signed another order on August 16, 2007, setting out the conditions of appellant's community supervision. One of these conditions required appellant to "[r]emain under custodial supervision and serve 180 days in the Ellis County Wayne McCollum Detention Center" beginning on August 18, 2007.[3] This condition further recited that appellant "shall be credited with 0 days" on this 180-day incarceration.

---

[2] This was over two years after appellant began serving his prison sentence on May 25, 2005. The record is silent on exactly when appellant was returned to the Ellis County jail for a new punishment hearing.

[3] We note that, under state law, appellant apparently would not be entitled to credit for these 180 days on any prison sentence that he might receive on his indecency conviction in the event that his community supervision for that conviction is revoked. *See* Article 42.03, § 2(a), TEX. CRIM. PROC., (providing for credit on a defendant's sentence "for the time that the defendant has spent in jail in said cause, *other than confinement served as a condition of community supervision*, from the time of his arrest and confinement until his sentence by the trial court") (emphasis supplied); *Ex parte Harris*, 946 S.W.2d 79, 80-81 (Tex.Cr.App. 1997).

On August 24, 2007, appellant filed a motion in the trial court seeking a time credit on this 180 days for the approximately two years of his "previous confinement time."[4] The State's response to this motion asserted that appellant is not entitled to any credit on this 180 days, because, as a condition of appellant's community supervision, this 180 days is not considered part of appellant's sentence for purposes of Article 42.03, § 3.[5] The State's response further asserted that appellant will be entitled to this credit if "his community supervision is revoked and he is ordered to serve a prison sentence." The State's response asserted:

> In this case, Defendant was originally sentenced within the allowable range of punishment. He has not been penalized for filing an appeal. The time he served in prison will be credited when his community supervision is revoked and he is ordered to serve a prison sentence. In fact, one must wonder whether Defendant will, should his request for credit toward the condition of community supervision be granted now, argue upon revocation that the time he previously served in prison should also count toward his sentence. Just as Defendant will not be entitled to time toward his sentence for the time he will serve as a condition of community supervision, he is not now entitled to the reverse. This Court has not abused its discretion in declining to grant Defendant time credit toward his condition of community supervision.

On September 7, 2007, the trial court signed an order denying appellant's time-credit motion. On Tuesday, September 18, 2007, appellant filed a notice of appeal from this order (the clerk's file-stamp indicates that this notice of appeal was filed on September 18, 2007, at 2:45 p.m., while the certificate of service on the notice of appeal indicates that it was sent to opposing counsel on

---

[4] This motion alleged that appellant was entitled to this time credit pursuant to Article 42.03, § 3, TEX. CODE CRIM. PROC., which provides that the trial judge in the convicting court shall give a defendant credit on his "sentence" for time that the defendant spent in "jail" pending disposition of an appeal. Appellant's motion further alleged that denial of the time credit would also be contrary to constitutional caselaw and Due Process.

[5] *See Speth v. State*, 6 S.W.3d 530, 532 (Tex.Cr.App. 1999) ("community supervision is not a sentence or even a part of a sentence").

September 17, 2007).[6]

The court of appeals, with one justice dissenting, decided that it had jurisdiction to consider the merits of appellant's appeal and that the trial court should have granted appellant credit for the time previously served. *See Abbott*, 245 S.W.3d at 20-23.[7] We granted review. The grounds upon which we granted review present the following issues:

> 1. Did the Tenth Court of Appeals have jurisdiction to consider an appeal from the order denying time credit?
>
> 2. Did the Tenth Court of Appeals err in determining that the trial court was without discretion to deny credit for the time served on the original sentence toward the days ordered as a condition of community supervision after retrial?

The court of appeals decided that it had jurisdiction to decide the merits of appellant's appeal from the trial court's post-judgment order denying his time-credit motion, because there was no "statute or rule precluding" the appeal. *See Abbott*, 245 S.W.3d at 20. This, however, is not the standard for determining jurisdiction. The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *See* TEX. CONST. art. V, § 6(a), (providing that courts of appeals "shall have appellate jurisdiction co-extensive with the

---

[6]

Appellant's Tuesday, September 18, 2007 notice of appeal does not purport to appeal from the trial court's August 16, 2007 judgment placing appellant on community supervision "subject to the condition[]of supervision" that appellant serve 180 days as a condition of his community supervision with no time credits. *See Collins v. State*, 240 S.W.3d 925, 928 (Tex.Cr.App. 2007) ("credit for time served" is an element of the judgment). We further note that such a notice of appeal, filed more than 30 days after appellant's sentence was imposed on August 16, 2007, would not have been timely. *See* TEX. R. APP. PROC. 4.1(a); 26.2(a)(1).

[7]

The court of appeals remanded the case "to the trial court with the instructions to apply Abbott's prison time served as a credit toward the 180-day confinement as a condition of community supervision and, because that credit greatly exceeds 180 days, to immediately release Abbott from jail." *See Abbott*, 245 S.W.3d at 23.

limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law" and "[s]aid courts shall have such other jurisdiction, original and appellate, as may be prescribed by law"); Article 44.02, TEX. CODE CRIM. PROC., ("[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed"); TEX. R. APP. PROC. 25.2(a)(2) (a defendant "has the right of appeal under Code of Criminal Procedure article 44.02 and these rules" in every case in which the trial court "enters a judgment of guilt or other appealable order"); *McIntosh v. State*, 110 S.W.3d 51, 52 (Tex.App.–Waco 2002, no pet.) (a defendant has right to appeal from a final judgment of conviction or when "expressly granted by law") (internal quotes omitted); *Abbott*, 245 S.W.3d at 23 (Gray, J., dissenting) (courts of appeals have no appellate jurisdiction in criminal matters "absent a specific authorization by law").[8]

In this case, we have not found any rule or any statutory or constitutional provision that would authorize appellant's appeal from the trial court's post-judgment order denying his time-credit motion. *See Staley v. State*, 233 S.W.3d 337, 338 (Tex.Cr.App. 2007) (dismissing the defendant's appeal because it was not authorized by law). The court of appeals, therefore, lacked jurisdiction to decide the merits of appellant's appeal. *See id*.; *Abbott*, 245 S.W.3d at 23 (Gray. J., dissenting).[9]

---

[8]

In *Sellers v. State*, this Court noted the long-established rule that a defendant's general right to appeal under Article 44.02 "has always been limited to appeal" from a "final judgment." *See Sellers v. State*, 790 S.W.2d 316, 321 n.4 (Tex.Cr.App. 1990) (internal quotes omitted).

[9]

We note that the court of appeals relied on the published decision in *Watson* in support of its decision that it had jurisdiction to decide the merits of appellant's appeal from the trial court's post-judgment order denying his time-credit motion. *See Abbott*, 245 S.W.3d at 20. Unlike this case, however, *Watson* involved an appeal from the trial court's judgment reflecting "no credit for time served pending the appeal." *See Watson*, 942 S.W.2d at 724; *see also Sellers*, 790 S.W.2d at 321 n.4 (defendant's general right to appeal under Article 44.02 has always been limited to appeal

The judgment of the court of appeals is reversed, and the case is remanded there for further proceedings consistent with this opinion.

Hervey, J.

Delivered: September 10, 2008
Publish

---

from a "final judgment"). In addition, the issue of the court of appeals' jurisdiction was neither raised nor addressed in *Watson*. The court of appeals also relied on a published decision in *Jackson v. State*, 990 S.W.2d 879, 882 (Tex.App.–Beaumont 1999, no pet.). *See Abbott*, 245 S.W.3d at 21. *Jackson*, however, also involved an appeal from the trial court's judgment with the issue of the court of appeals' jurisdiction not being raised or addressed.