# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00456-CR

**Codus Clifton O'Neill, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-09-0178, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Codus Clifton O'Neill, appearing pro se, seeks to appeal from the trial court's denial of his motion for judgment nunc pro tunc. In criminal cases, unless expressly authorized by statute, appellate courts only have jurisdiction to review final judgments. *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law). In criminal cases, an appeal is authorized only when a trial court "enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."). A post-judgment order denying a motion for judgment nunc pro tunc is not an appealable order. *See Abbott*, 271 S.W.3d at 697 (holding that no rule or statutory or constitutional provision authorizes appeal of post-judgment order denying time-credit motion); *Aleman v. State*, No. 03-14-00576-CR,

2014 WL 5656540, at *1 (Tex. App.—Austin, Oct. 29, 2014, no pet.) (mem. op., not designated for publication) (holding no appellate jurisdiction over denial of motion for judgment nunc pro tunc to correct purported clerical errors); *Deshotel v. State*, No. 14–13–01093–CR, 2014 WL 51438, at *2 (Tex. App.—Houston [14th Dist.] Jan. 7, 2014, no pet.) (per curiam) (mem. op., not designated for publication) (no appellate jurisdiction over denial of motion for judgment nunc pro tunc seeking to modify offense stated in judgment based on alleged agreement). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed for Want of Jurisdiction

Filed: August 28, 2015

Do Not Publish

2