

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00055-CR

**JAY WARREN ARNOLD,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2013-8-C2**

## MEMORANDUM OPINION

Jay Warren Arnold attempts to appeal from an order denying and dismissing his motion to recuse and motion to disqualify a trial court judge.

The denial of a *motion to recuse* can be reviewed only on appeal from a final judgment. *See* TEX. R. CIV. P. 18a(j)(1)(A). There is no final judgment in the above case. Further, the denial of a *motion to disqualify* is reviewable by mandamus or by appeal in accordance with other law. *Id*. (j)(2). Arnold has not filed a petition for writ of

mandamus, and we have found no law that authorizes an interlocutory appeal in a criminal case from the denial of a motion to disqualify.

Accordingly, we have no jurisdiction of this appeal, and it is dismissed. *See Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008) (no jurisdiction where appeal is not authorized by law).[1]

Notwithstanding that we are dismissing this appeal, Arnold may file a motion for rehearing with this Court within 15 days after this opinion and judgment are rendered if he believes this opinion and judgment are erroneously based on inaccurate information or documents. *See* TEX. R. APP. P. 49.1. Moreover, if Arnold desires to have the opinion and judgment of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within 30 days after either the day this Court's judgment is rendered or the day the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2(a).

TOM GRAY
Chief Justice

---

[1] Moreover, the trial court's order reflects that the motion to recuse or disqualify the trial court judge was filed in anticipation of filing an article 11.07 petition for writ of habeas corpus. The trial court properly determined that until the petition was actually filed, "there is no justiciable matter presented to which recusal or disqualification of the presiding judge of the court might apply." We have no jurisdiction when there is no case in controversy, *see The State Bar v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994), nor do we have jurisdiction to issue advisory rulings. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993).

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Opinion delivered and filed February 21, 2018
Do not publish
[CR25]

