# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00681-CR
## NO. 03-18-00682-CR

**Charles Wayne Bryant, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NOS. 43068, 43112, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Charles Wayne Bryant, appearing pro se, seeks to appeal from the trial court's denial of his motion for judgment nunc pro tunc. "The standard for determining jurisdiction is . . . whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). In criminal cases, an appeal is authorized only when a trial court "enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."). A post-judgment order denying a motion for judgment nunc pro tunc is not an appealable order. *See Abbott*, 271 S.W.3d at 697 (holding that no rule or statutory or constitutional provision authorizes appeal of post-judgment order denying time-credit); *Mayzone v. State*, No. 13-17-00300-CR, 2017 Tex. App. LEXIS 10468, at *1(Tex. App.—Austin Nov. 9, 2017, no pet.) (mem. op., not designated for publication) (holding that there is no appellate jurisdiction over denial

of motion for judgment nunc pro tunc); *Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.) (same).  Accordingly, we dismiss these appeals for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed:   January 16, 2019

Do Not Publish