

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00239-CR

_____

VICTOR MORENO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. A 4582-16-02; Honorable Kregg Hukill, Presiding

September 15, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Victor Moreno, appearing pro se, appeals from the trial court's *Order on Defendant's Motion for Court Appointed Counsel*. We dismiss the purported appeal for want of jurisdiction.

In 2016, Appellant was convicted of aggravated assault with a deadly weapon[1] and sentenced to thirty years imprisonment. He did not immediately appeal his conviction, but instead filed notices of appeal in April 2018 and April 2020. We dismissed both untimely appeals for want of jurisdiction.[2] In July 2020, Appellant filed a motion in the trial court requesting the appointment of appellate counsel. The trial court denied his motion and this appeal followed.

We have jurisdiction to consider an appeal from a judgment of conviction or where appellate jurisdiction has been expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). The denial of court-appointed counsel is neither a judgment of conviction nor an order from which an appeal is specifically authorized by law. *Cooper v. State*, No. 05-12-01738-CR, 2013 Tex. App. LEXIS 2089, at *2 (Tex. App.—Dallas Mar. 1, 2013, no pet.) (mem. op., not designated for publication). Because the order denying Appellant's motion for appointment of counsel is not an appealable order, we lack jurisdiction over the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2019). The judgment reflects the offense to be a first degree felony.

[2] *See Moreno v. State*, Nos. 07-18-00123-CR, 07-18-00124-CR, 2018 Tex. App. LEXIS 2948, at *2 (Tex. App.—Amarillo Apr. 25, 2018, no pet.) (per curiam) (mem. op., not designated for publication); *Moreno v. State*, No. 07-20-00136-CR, 2020 Tex. App. LEXIS 5118, at *1 (Tex. App.—Amarillo July 10, 2020, no pet.) (per curiam) (mem. op., not designated for publication). We also advised Appellant in both opinions that he could seek an out-of-time appeal by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals pursuant to article 11.07 of the Texas Code of Criminal Procedure.

2