**DENIED and Opinion Filed February 24, 2021**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00005-CV

### IN RE JUAN FRANCISCO TURCIOS, Relator

**Original Proceeding from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-70886-P & F11-70896-P**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

Juan Francisco Turcios has filed a petition for writ of mandamus requesting the Court to compel the trial court, the Dallas County District Attorney, or the Dallas Police Department to produce two police offense reports that he alleges the prosecution withheld from him before he entered a negotiated guilty plea. Relator contends he needs the reports for use in a pending federal case. Relator states he has subpoenaed the reports from the police department. He does not allege he has any pending motions before the trial court.

This Court has jurisdiction to act only when the action is authorized by law. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Texas law

authorizes a court of appeals to issue writs of mandamus against district and county judges and against other parties when necessary to enforce the court's appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b). Relator's requested mandamus relief does not involve enforcing the appellate jurisdiction of this Court. Therefore, we do not have jurisdiction to issue a writ of mandamus against the Dallas County District Attorney and the Dallas Police Department. *See id.*; *see also In re Tarver*, No. 05-20-00926-CV, 2020 WL 6866567, at *1 (Tex. App.—Dallas Nov. 23, 2020, original proceeding) (mem. op.) (court of appeals lacks mandamus jurisdiction to order police department to turn over report); *In re Butler*, No. 01-13-00177-CR, 2013 WL 1136856, at *1 (Tex. App.—Houston [1st Dist.] Mar. 19, 2013, orig. proceeding) (mem. op. per curiam, not designated for publication) (court of appeals has no jurisdiction to grant mandamus relief ordering police officials to compel production of reports).

To establish a right to mandamus relief against the trial court, relator must show that the trial court violated a ministerial duty and he has no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Relator alleges only that the prosecutor withheld the documents before trial and the police department has not responded to his subpoena. He does not indicate he has any pending, unresolved motions before the trial court or has requested the trial court perform a ministerial duty.

Furthermore, as the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relator has not filed any documents with this Court. *See* TEX. R. APP. P. 52.3(k), 52.7(a) (requiring relator to file with his petition certified or sworn copies of orders and documents material to his claims).

The record before us does not show relator requested, or the trial court has failed to perform, any ministerial duty. Without a record showing the trial court has refused to perform some ministerial duty, relator has not shown he is entitled to mandamus relief against the trial court. *See Weeks*, 391 S.W.3d at 122; *Walker*, 827 S.W.2d at 837.

Having concluded we lack jurisdiction over the Dallas County District Attorney and the Dallas Police Department, and further concluding there is no showing of a basis for relief against the trial court, we deny the petition. *See* TEX. R. APP. P. 52.8.

/Lana Myers/
_____
LANA MYERS
JUSTICE

210005F.P05

–3–