**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00285-CR**
_____

**KATHRYN ZIEHL BROADWAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-05-07184-CR**
_____

**MEMORANDUM OPINION**

In a criminal case, Kathryn Ziehl Broadway filed a "Public and Judicial Notice of Interlocutory Appeal Pursuant to 28 USCS § 1333 in the United States District Court by Savings to Suitor Claiming Lawful Right to Common Law Venue – Demanding Proof of Jurisdiction in the Record." We questioned our jurisdiction. In response, the State informs the Court that Broadway has not been convicted. In her response, without citing authority for an interlocutory appeal Broadway argues an

1

appeal is necessary because after being challenged the trial court has failed to establish proof of jurisdiction.

In criminal cases, "[t]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). The general right to appeal under article 44.02 of the Texas Code of Criminal Procedure is limited to appeal from a final judgment. *Id.* at 697 n.8; *see also* Tex. Code Crim. Proc. Ann. art. 44.02. Broadway identifies no other state statute that authorizes an appeal at this time. We dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

PER CURIAM

Submitted on October 26, 2021
Opinion Delivered October 27, 2021
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.