

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-21-00312-CR
_____

BILLY WILSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2018-451,802, Honorable Douglas H. Freitag, Presiding

January 21, 2022

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Billy Wilson, attempts to appeal the trial court's pretrial *Judgment on Competency.* Appellant was indicted for robbery. On December 7, 2021, a jury found Appellant competent to stand trial. The trial court entered a judgment on the jury's verdict and this appeal followed. We now dismiss the appeal for want of jurisdiction.

We have jurisdiction to consider an appeal by a criminal defendant only from a judgment of conviction or where appellate jurisdiction has been expressly granted by law.

*See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). A pretrial judgment of competency to stand trial is neither a judgment of conviction nor an order made immediately appealable by statute. *See* TEX. CODE. CRIM. PROC. ANN. § 46B.011 (providing that neither the State nor a criminal defendant may make an interlocutory appeal relating to a determination or ruling on the issue of a defendant's competency to stand trial); *but cf.* TEX. HEALTH & SAFETY CODE ANN. § 574.070 (permitting appeals from certain commitment proceedings after a finding of incompetency).

By letter of December 28, 2021, we directed Appellant's counsel to show how we have jurisdiction over the appeal by January 7, 2022. Appellant has not filed a response or had any further communication with this Court to date.

Because Appellant has not presented this Court with a judgment of conviction or an appealable order, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.