**Opinion filed November 10, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00218-CR

_____

## EDDIE DALE UNDERWOOD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 259th District Court
### Jones County, Texas
### Trial Court Cause No. 6880-D

## M E M O R A N D U M   O P I N I O N

Eddie Dale Underwood, Appellant, has filed a pro se notice of appeal in which he states that he is appealing "from the trial court's order that 'denied' [Appellant's] 'Motion for New Trial' and the request for 'Hearing.'"[1]  We dismiss this appeal.

Shortly after this appeal was docketed, the clerk of this court wrote Appellant and informed him that it did not appear that his notice of appeal related to an

---

[1]We note that Appellant's "motion for new trial" relates to the trial court's April 2022 order denying Appellant's application for writ of habeas corpus.  Appellant filed a notice of appeal from the trial court's April 2022 order, and this court dismissed that appeal for want of jurisdiction.  *See Ex parte Underwood*, No. 11-22-00137-CR, 2022 WL 2349700 (Tex. App.—Eastland June 30, 2022, no pet. h.) (mem. op., not designated for publication).

appealable order. We requested that Appellant respond and show grounds to continue the appeal. Appellant has filed a response in which he addresses the effect of a nunc pro tunc judgment, which purportedly corrected a "judicial" error, and the "status" of the original judgment of conviction. Appellant also suggests that we abate this appeal and direct the trial court to determine the effect of its nunc pro tunc judgment. None of the contentions addressed by Appellant in his response constitutes a ground upon which this appeal may continue.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). A direct appeal from the denial of a motion for new trial—separate from the appeal of the underlying conviction—is not permitted. *Torres v. State*, No. 12-22-00004-CR, 2022 WL 399140, at *1 (Tex. App.—Tyler Feb. 9, 2022, no pet.) (mem. op., not designated for publication) ("An order denying a motion for new trial is not a separately appealable order."); *Billiot v. State*, No. 02-11-00298-CR, 2011 WL 4469232, at *1 (Tex. App.—Fort Worth Aug. 30, 2011, pet. ref'd) (mem. op., not designated for publication). Because the order from which Appellant attempts to appeal—the trial court's order denying Appellant's "motion for new trial"—is not an appealable order, we are without jurisdiction to consider this appeal. *See Torres*, 2022 WL 399140, at *1; *Billiot*, 2011 WL 4469232, at *1.

Consequently, we dismiss this appeal for want of jurisdiction.

PER CURIAM

November 10, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.