## In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00281-CR**
**NO. 09-22-00282-CR**
**NO. 09-22-00283-CR**

_____

**ANTHONY RAY BANKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 93-64255, 94-67286 and 94-67288**

## MEMORANDUM OPINION

Anthony Ray Banks was convicted and sentenced in Trial Cause Numbers 64255, 67286 and 67288 in 1995. In 2021, Banks sought mandamus relief from the Court of Criminal Appeals, which directed the judge of the 252nd District Court of Jefferson County, Texas, to file a response stating, "whether or not Relator's motion has properly and timely been presented to it; if so, whether it has been ruled on; and whether or not Relator's trial attorney has provided Relator with copies of his client

1

files." *See In re Banks*, No. WR-80,275-05, 2021 WL 4448551, at *1 (Tex. Crim. App. Sept. 29, 2021) (order, not designated for publication). The Court of Criminal Appeals later denied leave to file the application for a writ of mandamus, and thereafter Banks sought mandamus relief in the 252nd District Court asking that court to compel the lawyer who represented him in Trial Cause Numbers 64255, 67286, and 67288 to give Banks ninety-one pages of discovery the State of Texas shared with counsel in the criminal cases. The trial court issued an Order denying the requested mandamus relief. On May 25, 2022, the 252nd District Court noted that it lacked plenary power over the respective cases, that Banks failed to request or obtain service of citation on either his former attorney or the State, and that the trial court lacked the power to order Bank's former attorney to take any action in the closed criminal cases.

We notified Banks that it appeared that we lacked jurisdiction over his appeals. In response, Banks filed a pro se response and he argued that he has invoked this Court's original mandamus jurisdiction. *See generally* Tex. Gov't Code Ann. § 22.221.

It appears that Banks is attempting to obtain 91 pages from his former attorney's file. According to the record now before us, the former attorney provided

2

his client file to Banks but indicated he withheld the 91 pages because it contains the State's discovery from the closed criminal cases.[1]

Appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding). Banks has not identified a statute that would permit him to pursue an appeal from the trial court's May 25, 2022 Order denying his request for mandamus relief in Trial Cause Numbers 64255, 67286 and 67288. Because Banks is not challenging any order or judgment for which an appeal is statutorily authorized, we lack jurisdiction over these appeals. *See Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008). Accordingly, we dismiss the appeals for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

APPEALS DISMISSED.

PER CURIAM

Submitted on December 13, 2022
Opinion Delivered December 14, 2022
Do Not Publish
Before Golemon, C.J., Horton and Johnson, JJ.

_____

[1] In her Order denying Banks' application for mandamus relief, the trial court stated:

> Thus, it appears that inmate-relator has obtained his client file, less State discovery material that [the] attorney [] is prohibited from disclosing. Tex. Code Crim. Proc. Art. 39.14(d), (f); *Powell v. Hocker*, 516 S.W.3d 488 (Tex. Crim. App. 2017).

3