

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00223-CR
_____

JASON WOODY CLARK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Wheeler County, Texas
Trial Court No. 5613, Honorable Steven R. Emmert, Presiding

July 27, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Jason Woody Clark, is under indictment for aggravated assault on a public servant.[1]  Appellant filed a notice of appeal, pro se, from the trial court's purported order declaring him incompetent to stand trial and from an order permitting his appointed counsel to withdraw.  We dismiss the appeal for want of jurisdiction.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B).

We have jurisdiction in a criminal case to consider an appeal from a judgment of guilt or where jurisdiction has been expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 697–98 (Tex. Crim. App. 2008). An order declaring a defendant incompetent to stand trial or permitting a defendant's counsel to withdraw is neither a judgment of guilt nor an appealable order. *See Grant v. State*, No. 01-21-00340-CR, 2021 Tex. App. LEXIS 8307, at *3 (Tex. App.—Houston [1st Dist.] Oct. 14, 2021, pet. ref'd) (per curiam) (mem. op., not designated for publication) (finding no interlocutory appeal from an order declaring appellant incompetent to stand trial); *Webb v. State*, No. 13-13-00075-CR, 2013 Tex. App. LEXIS 5082, at *3 (Tex. App.—Corpus Christi Apr. 25, 2013, no pet.) (per curiam) (mem. op., not designated for publication) (finding no interlocutory appeal from an order permitting counsel to withdraw).

By letter of July 11, 2023, we directed Appellant to show how we have jurisdiction over this appeal. Appellant filed a response but failed to show grounds for continuing the appeal.

Because Appellant has not presented this Court with a judgment or appealable order, we dismiss his appeal for want of jurisdiction.

Per Curiam

Do not publish.