**DISMISS and Opinion Filed December 28, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-23-00839-CR
_____

**THE STATE OF TEXAS, Appellant**
**V.**
**IQBAL JIVANI, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC23-R0001-D**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Smith

The State appeals the county criminal court of appeals' judgment affirming the judgment of the municipal court of record quashing the complaint against appellee, Iqbal Jivani. We questioned whether we had jurisdiction over this appeal, and we requested the parties to file jurisdictional briefs. The parties have filed their briefs on the jurisdictional question. We conclude we lack jurisdiction over this appeal, and we dismiss this appeal for want of jurisdiction.

## BACKGROUND

On October 18, 2022, the State filed a complaint in the City of Dallas Municipal Court charging appellee with violating section 31-27 of the Dallas Code by loitering in a public place "in a manner and under circumstances manifesting the purpose of inducing another to commit an act of prostitution . . . to wit: said actor was in a known prostitution area and stopped to engage passers-by in conversation." *See* DALLAS, TEX., CODE § 31-27. Appellee filed a motion to quash the complaint, arguing section 31-27 was unconstitutional and void for vagueness and overbreadth. The municipal court agreed with appellee and granted the motion to quash, concluding the ordinance was "unconstitutional on its face because the Ordinance is both vague and overbroad in violation of the First Amendment to the United States Constitution."

The State appealed to the Dallas County Criminal Court of Appeals. That court affirmed the municipal court's quashing of the complaint, stating, "Dallas Code section 31-27 is unconstitutional on its face because it is overbroad and vague in violation of the First Amendment to the United States Constitution." The State timely appealed the county criminal court of appeals' decision.

## JURISDICTION

This Court's jurisdiction in appeals of criminal cases exists only as specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). "In Texas, '[t]he standard for determining jurisdiction [of

an appellate court] is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Id.* (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)); *see* TEX. CONST. art. V, § 6(a) (courts of appeals "shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law" and "[s]aid courts shall have such other jurisdiction, original and appellate, as may be prescribed by law"). Article 4.03 of the Code of Criminal Procedure provides that courts of appeals' jurisdiction does not extend to cases from "the county court, the county criminal court or county court at law" in which "the fine imposed or affirmed by the county court, the county criminal court or county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based." TEX. CODE CRIM. PROC. ANN. art. 4.03. In this case, no fine was imposed or affirmed, and there was no conviction.

The State cites two statutes as providing jurisdiction over this appeal: article 44.01(a)(1) of the Code of Criminal Procedure and section 30.00027(a)(2) of the Government Code. We conclude neither provision provides us with jurisdiction.

Article 44.01(a)(1) provides, "The state is entitled to appeal an order of a court in a criminal case if the order: (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint . . . ." CRIM. PROC. art.

44.01(a)(1). We default to this statute for determining the State's right of appeal "unless another legislative directive applicable to the case provides otherwise." *State v. Villa*, 673 S.W.3d 43, 45 (Tex. App.—Dallas 2023, pet. filed). Chapter 30 of the Government Code contains express provisions for appeals from decisions of the municipal court of record and from the county criminal court of appeals. Section 30.00014 governs appeals from municipal courts of record to the county criminal court of appeals and, concerning State's appeals, it provides, "The state has the right to appeal as provided by Article 44.01, Code of Criminal Procedure." TEX. GOV'T CODE ANN. § 30.00014(a). Thus, when the State appealed the dismissal of the complaint to the county criminal court of appeals, it received its appeal under article 44.01.

Appeals from the county criminal court of appeals to the court of appeals are governed by section 30.00027, which is titled "Appeals to Court of Appeals." That provision does not give the State the right of appeal under article 44.01. Instead, it states:

> (a) The appellant has the right to appeal to the court of appeals if:
>
> > (1) the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the appellate court [i.e., the county criminal court of appeals]; or
> >
> > (2) the sole issue is the constitutionality of the statue or ordinance on which a conviction is based.

GOV'T § 30.00027(a). As the State acknowledges, this Court held in *State v. Villa* that article 44.01(a)(1) does not apply to appeals to the court of appeals from the

–4–

county criminal court of appeals under section 30.00027.  *See Villa*, 673 S.W.3d at 48–50.

The State also argues this Court has jurisdiction under Government Code section 30.00027(a)(2) because the sole issue is the constitutionality of section 31-27.  As mentioned above, section 30.00027(a)(2) provides, "The appellant has the right to appeal to the court of appeals if . . . (2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based." Applying the plain language of the statute, we conclude that the "appellant," i.e., the State, has no right of appeal in this case:  although the basis for the appeal is the constitutionality of section 31-27, no conviction was based on section 31-27 because the charges against appellee were dismissed.

The State argues the legislative history of section 30.00027 shows the legislature intended for the State to be able to bring a State's appeal.  When the statutory framework for appeals from municipal courts of record was originally enacted, the State had no right of appeal; instead, the statute provided:

> The *defendant* has the right to appeal to the court of appeals if the fine assessed against the defendant exceeds $100 and if the judgment is affirmed by the appellate court.

*See* Act of May 23, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 30.246, 1985 Tex. Gen. Laws 1720, 1866 (emphasis added).  In 1987, the Texas Constitution was amended to provide the State with the right to appeal in criminal cases "as authorized by general law." TEX. CONST. art. V, § 26.  In 1999, section 30.00027 was modified to

provide, "The *appellant* has the right to appeal to the court of appeals if the fine assessed against the defendant exceeds $100 and if the judgment is affirmed by the appellate court." (Emphasis added.) Act of May 27, 1999, 76th Leg., R.S., ch. 691, § 1, sec. 30.00027, 1999 Tex. Gen. Laws 3263, 3270. Neither of these provisions, however, permitted an appeal to the court of appeals unless the defendant was fined more than $100 and the county criminal court of appeals affirmed the judgment imposing the fine. In 2011, the legislature added the provision relied upon by the State, paragraph (a)(2), which permits an "appellant" to appeal when "the sole issue is the constitutionality of the statute or ordinance on which a conviction is based." Act of May 27, 2011, 82nd Leg., R.S., ch. 1324, § 4, 2011 Tex. Gen. Laws 3836, 3839 (now codified at GOV'T § 30.00027(a)(2)).

The State asserts the legislature, by changing "defendant" to "appellant," intended to give the State appellate rights coextensive with those of defendants, and the State argues the language of section 30.00027 deprives it of the right of appeal that the defendant has. In section 30.00027, the change from "defendant" to "appellant" gave the State the same right to appeal as the defendant. What appears to be the State's complaint is that the situations in the statute where an "appellant" may bring an appeal—imposition of a fine exceeding $100 or where the sole issue is the constitutionality of the statute on which a conviction is based—favor the criminal defendant's being able to appeal, not the State. The State argues that requiring a conviction before the State can challenge a lower court's interpretation

of the constitution is an absurd result. However, a finding of absurdity is not reached lightly.

> "[D]etermining whether a particular result is absurd is a dangerously subjective endeavor." *Ritz*, 533 S.W.3d at 308 (Newell, J., concurring). "[T]he bar for concluding a plain-faced interpretation of a statute would lead to absurd results is, and should be, high." *Id.* (citing *Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 630 (Tex. 2013)). "It should be reserved for truly exceptional cases, and mere oddity does not equal absurdity." *Id.* "Even if a consequence is unintended, improvident, or inequitable, it may still fall short of being unthinkable or unfathomable." *Id.* The focus should be on "whether it is quite impossible that a rational legislature could have intended it." *Id.*

*Barrett v. State*, No. 05-22-00219-CR, 2023 WL 3143519, at \*10 (Tex. App.—Dallas Apr. 28, 2023, no pet.) (mem op., not designated for publication). Quoting from the dissenting opinion in *Villa*, the State argues the effect of limiting the State's right of appeal "is to do what the Legislature did not do in express terms: establish the CCCA [county criminal court of appeals] as the court of last resort for the State's issues while preserving the defendant's right to seek redress in the constitutionally established court of last resort, the court of criminal appeals." *See Villa*, 673 S.W.3d at 54 (Goldstein, J., dissenting). The question, then, is whether it is "unthinkable or unfathomable" for the legislature to have intended to deny the State the right of appeal when the issue is the constitutionality of the statute on which the dismissal of the charge is based.

The State cites no authority, aside from the dissenting opinion in *Villa*, for the proposition that requiring a conviction for this Court to have jurisdiction is an absurd result even though based on the plain language of section 30.00027(a)(2). The

–7–

majority in *Villa* rejected the dissent's argument. *See Villa*, 673 S.W.3d at 49 n.6. We conclude the State has not established that section 30.00027(a)(2)'s requirement of a conviction before an "appellant" may bring an appeal challenging the county criminal court of appeals' interpretation of a constitutional provision is an absurd result. That outcome follows from the plain language of the statute requiring there be a conviction for an appellant to bring an appeal under section 30.00027(a)(2). Even if the result is inequitable, as the State suggests, that does not necessarily make the result "unthinkable or unfathomable" or irrational. *See Barrett*, 2023 WL 3143519, at *10. The State's argument would have us delete the phrase "on which a conviction is based" from section 30.00027(a)(2). The State cites no authority permitting us to do so, and we decline to do so.

**CONCLUSION**

Section 30.00027 permits an appeal from the county criminal court of appeals to this Court either when "the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the appellate court" or when "the sole issue is the constitutionality of the statute or ordinance on which a conviction is based." In this case, appellee was not fined any amount, nor does the State's appeal concern the constitutionality of a statute or ordinance "on which a conviction is based." Accordingly, we lack jurisdiction over the State's appeal.

We dismiss the State's appeal for want of jurisdiction.


/Craig Smith/
CRAIG SMITH
JUSTICE

Publish
Tex. R. App. P. 47.2(b)
230839F.P05


Goldstein, J., dissenting from denial of request for en banc consideration.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-23-00839-CR        V.

IQBAL JIVANI, Appellee

On Appeal from the County Criminal
Court of Appeals No. 1, Dallas
County, Texas
Trial Court Cause No. MC23-R0001-
D.
Opinion delivered by Justice Smith.
Justices Molberg and Reichek
participating.


Based on the Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.


Judgment entered December 28, 2023