In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00086-CR
_____

**JAMES BRADLEY ALBRIGHT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F19-33082-0**

_____

**MEMORANDUM OPINION**

James Bradley Albright appeals from the trial court's "Deferred Adjudication Order of Dismissal," which we will refer to as the Order of Dismissal, signed on February 2, 2024. The Order of Dismissal discharged Albright from community supervision and dismissed "Trial Court Cause Number 19-33082."[1] Within thirty days of the date Albright's case was dismissed, Albright filed a notice of appeal.

---

[1]A slight discrepancy in the case number on the Order of Dismissal and the number assigned to the appeal occurred because Jefferson County implemented a

1

After Albright appealed, the Clerk of the Ninth Court of Appeals, by letter, asked the parties to identify a statute or rule that authorized the Court to exercise jurisdiction over the appeal. Although Albright filed a response to the Court's jurisdictional inquiry, he did not cite a statute or rule authorizing the Court's exercise of jurisdiction over his appeal. Additionally, we are not aware of a rule or statute that authorizes our Court to exercise jurisdiction over a trial court's ruling dismissing the State's case when the order the trial court signs doesn't adjudicate the defendant's guilt or acquit the defendant of the allegations in the grand jury's indictment.

We recognize that appellate jurisdiction exists over final judgments in cases in which defendants are either convicted or acquitted. Yet Albright has appealed from an order *dismissing* the charges filed against him in an indictment in which a Jefferson County Grand Jury charged him with felony possession of a control substance, methamphetamine.[2] *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (holding the court of appeals lacked jurisdiction to decide the merits of the appellant's appeal when the appeal wasn't authorized by statute or

---

new case numbering system after the trial court signed the Order of Dismissal. The renumbering resulted in the appeal being numbered "Cause No. F19-33082-0" rather than "Cause 19-33082."

[2]The indictment alleges that on or about April 25, 2019, Albright intentionally and knowingly possessed at least four but less than 200 grams of methamphetamine, a controlled substance, based on the substance's aggregate weight, which includes any adulterants and dilutants.

2

rule); Tex. R. App. P. 25.2(a)(2) (stating that "[a] defendant in a criminal case has the right of appeal under the Code of Criminal produce article 44.02 and these rules" in every case in which the trial court "enters a judgment of guilt or other appealable order"). For the reasons explained below, we conclude that we lack jurisdiction to decide Albright's appeal.

Background

The appellate record shows that in April 2020, the trial court accepted Albright's nolo contendere plea to possession of a controlled substance, deferred the adjudication of his guilt, and placed Albright on community supervision for five years.[3] In September 2022, the trial court revoked the order the trial court used when it placed Albright on community supervision, adjudicated his guilt, and sentenced him to five years of confinement in the Correctional Institutions Division, Texas Department of Criminal Justice.[4]

In a 2023 appeal to this Court, Appeal Number 09-22-00338-CR, Albright challenged the trial court's revocation of its community-supervision order during the hearing that occurred in September 2022. In October 2023, the Ninth Court of Appeals reversed the trial court's judgment adjudicating Albright's guilt in Trial

---

[3]The record shows that Albright's original community-supervision order was signed by the elected judge of the 252nd District Court.

[4]The judge that conducted this hearing was a retired judge and sitting by assignment for the 252nd District Court.

Cause Number 19-33082, and we remanded the case to the trial court so the trial court could conduct further proceedings in Albright's case. *See Albright v. State*, No. 09-22-00338-CR, 2023 WL 6852593, at *2 (Tex. App.—Beaumont, Oct. 18, 2023, no pet.). In Albright's 2023 appeal, we reversed the trial court's order adjudicating Albright's guilt and returned the case to the trial court for further proceedings after concluding that Albright was deprived of his right to counsel during the revocation hearing that occurred in September 2022. *See id.*

After our mandate issued, the parties returned to the trial court, and an attorney filed a notice of representation in the trial court on Albright's behalf. In January 2024, the State filed a "Motion to Dismiss Motion to Revoke Probation." In the State's Motion to Dismiss, the State asked the trial court to dismiss its motion alleging Albright had violated the terms of the court's community-supervision order in "the above entitled and numbered criminal action in the Interest of Justice." The trial court granted the request to dismiss its "Motion to Revoke Probation" on the same day that the motion was filed. Two days after the trial court signed the order granting the State's Motion to Revoke Probation, the trial court signed a "Deferred Adjudication Order of Dismissal." In that Order, the trial court "ORDERED, ADJUDGED, AND DECREED this the 2nd day of Feb., 2024, that the defendant is hereby discharged from community supervision and the cause is dismissed."

4

Albright, however, was apparently not satisfied with having the case against him dismissed even though the indictment charged him with a felony. So, within thirty days of the date the trial court signed the order of dismissal, Albright filed a Motion to Reinstate the Case on the Court's docket. In his motion, Albright argued that prior to the hearing on the State's Motion to Revoke, the State had withheld information from him, and he wanted his day in court in the revocation proceedings so that he might receive the verdict "THAT HE DESERVES[.]"

On February 28, 2024, the trial court denied Albright's Motion to Reinstate. That same day, Albright filed a timely notice of appeal. After perfecting his appeal, the Clerk of the Court of Appeals sent the parties a letter, which states that the order of dismissal that Albright was seeking to appeal was "neither a final judgment nor an appealable order." In the letter, the Clerk asked the parties to file written replies and identify the "particular statute or rule that authorized" the Court to exercise jurisdiction over the Order of Dismissal from which Albright had appealed. The Court's Clerk also warned the parties that if the Court lacked jurisdiction over Albright's appeal, his appeal would be dismissed without further notice.

Albright responded to the Court's request on March 20, 2024. In his response, Albright complained about various events that occurred during the years he was on community supervision in 2020 and 2021, a period in which he contends employees of the State violated his right to due process. Albright also complains that the elected

5

judge of the 252nd District Court, the judge who placed him on community supervision, did not have the authority to delegate her responsibility to conduct the subsequent hearings that occurred in his case to other judges, including the judge who, following the hearing on the State's Motion to Revoke that occurred in September 2022, adjudicated his guilt.[5] According to Albright, only the judge who signed the original order used to place him on community supervision possessed the authority to amend or revoke the court order placing Albright on community supervision. Additionally, Albright argues that in the hearings conducted in his case in 2021 and 2022, the State failed to prove that he violated the terms of the trial court's community-supervision order.

Analysis

In criminal cases, the standard for determining appellate jurisdiction is whether the appeal is authorized by law. *Abbott*, 271 S.W.3d at 696-97. Generally, the right to appeal is limited to appeals from judgments of conviction and interlocutory orders that, by statute, the legislature made appealable. *See id.* As

---

[5]Although signed by different district court judges, all the orders that Albright complains about were filed in the 252nd District Court. We note that section 24.003 of the Government Code allows district judges in counties with more than one district court to "hear and determine any case or proceeding pending in another district court in the county without having the case transferred," to "sit for another district court in the county and hear and determine any case or proceeding pending in that court[,]" and to "temporarily exchange benches with the judge of another district court in the county[.]" Tex. Gov't Code Ann. § 24.003(b)(2), (3), (4).

mentioned, the order Albright has appealed merely dismisses the State's case against him, and as we will explain it doesn't function as a final judgment. Under the Code of Criminal Procedure, "[a] judgment is the written declaration of the court signed by the trial judge and entered of record showing the *conviction* or *acquittal* of the defendant." Tex. Code Crim. Proc. Ann. art. 42.01 (emphasis added by the Court). Thus, because the Order of Dismissal neither convicts Albright of possessing a controlled substance, as charged in the indictment, nor acquits him of possessing a controlled substance, we conclude the order isn't appealable as a final judgment.

We have also not found a statute authorizing appeals from rulings granting the State's request to dismiss a motion or request to dismiss a case. *See Abbott*, 271 S.W.3d at 697 (noting that under article 42.01 of the Code of Criminal Procedure, orders that are not final judgments are appealable only when the appeal is expressly authorized by statute). Specifically, the statute that authorizes a judge to reduce or terminate the period a defendant is to serve community supervision does not include a provision that grants a defendant the right to appeal. *See* Tex. Code Crim. Proc. Ann. art. 42A.701. The same is true of the statute that authorizes the State's attorney to dismiss criminal actions, article 34.02 of the Texas Code of Criminal Procedure. That statute also doesn't provide defendants with a right to appeal in the event the trial court decides to grant the State's request to dismiss a case. *See id*. art. 32.02.

7

Albright prays that this Court hold "the parties involved . . . responsible for the official oppression of a[n] innocent man and . . . hold them responsible for any and all damages done and for the emotional monet[a]ry hardships caused by the unlawful imprisonment."[6] Yet because we lack jurisdiction over Albright's appeal, we deny Albright's "Motion to Declare Facts," and we dismiss Albright's appeal for lack of jurisdiction.

APPEAL DISMISSED.

PER CURIAM

Submitted on April 9, 2024
Opinion Delivered April 10, 2024
Do Not Publish

Before Horton, Johnson and Wright, JJ.

---

[6]Quotation has been altered from the original, which appears in all capital letters.