

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00061-CR

---

EX PARTE NATHAN GENE COLLINS

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 083186-D-CR, Honorable Steven Denny, Presiding

April 15, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Nathan Gene Collins, is under indictment for unlawful possession of a firearm by a felon.[1] Although represented by trial counsel, Appellant filed an "Application for Writ of Habeas Corpus" in the trial court proceeding pro se. Appellant subsequently filed a notice of appeal, pro se, from the trial court's purported order denying the habeas application. Because no such order has been issued by the trial court, we dismiss the appeal for want of jurisdiction.

---

[1] See TEX. PENAL CODE ANN. § 46.04(e).

We have jurisdiction in a criminal case to consider an appeal from a judgment of guilt or where jurisdiction has been expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 697–98 (Tex. Crim. App. 2008). To perfect an appeal from the denial of habeas relief, there must be a signed, appealable order. *Ex parte Thompson*, No. 05-21-00752-CR, 2022 Tex. App. LEXIS 716, at *3 (Tex. App.—Dallas Jan. 31, 2022, no pet.) (mem. op., not designated for publication). Here, the record does not reflect that the trial court entered a written order denying Appellant's habeas application. Accordingly, Appellant's notice of appeal does not confer jurisdiction upon this Court.[2]

Because Appellant has not presented a judgment of conviction or appealable order for review, the appeal is dismissed for want of jurisdiction.

Per Curiam

Do not publish.

---

[2] By letter of March 7, 2024, we notified Appellant that no judgment or appealable order had been entered by the trial court and directed him to show how we have jurisdiction over this appeal by March 18. Appellant has not filed a response or had any further communication with this Court to date.