

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00471-CR

———————————————

ALLEN MARSHALL TUCKER, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 9
Tarrant County, Texas
Trial Court No. A40000105

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

A municipal court jury found that Appellant Allen Marshall Tucker had violated a city ordinance and assessed a fine of $100. The county criminal court affirmed the judgment, and Tucker appeals from that affirmation.[1] But we lack jurisdiction over Tucker's appeal.

"[A]ppeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *Maki v. State*, No. 02-22-00130-CR, 2022 WL 3097291, at *1 (Tex. App.—Fort Worth Aug. 4, 2022, pet. ref'd) (mem. op., not designated for publication) (quoting *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceedings)); *see Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) ("The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."). When a county criminal court affirms a municipal court judgment, Texas statute authorizes further appeal to this court only if (1) the fine exceeds $100; or (2) the sole issue is the constitutionality of the ordinance on which the conviction is based. Tex. Gov't Code Ann. § 30.00027(a).

Because Tucker's fine did not exceed $100 and nothing in the record indicated that he had challenged the underlying ordinance's constitutionality, we notified Tucker of our concern that we lacked jurisdiction over his appeal. We warned that we could

---

[1]Tucker also appealed the county criminal court's affirmation of four other municipal court judgments, and those appeals remain pending.

dismiss the appeal for want of jurisdiction unless Tucker showed grounds for continuing it.  *See* Tex. R. App. P. 43.2(f).  He responded by claiming that his fine far exceeded $100, seemingly confusing the present case with another case pending before our court.  Apart from this confusion, Tucker did not identify any legal basis for continuing his appeal.

Because Tucker's $100 fine is below the statutory threshold and the relevant ordinance's constitutionality is not at issue, we dismiss the appeal for want of jurisdiction.  *See* Tex. Gov't Code Ann. § 30.00027(a); Tex. R. App. P. 43.2(f); *Maki*, 2022 WL 3097291, at *1 (dismissing appeal for want of jurisdiction when Section 30.00027(a)'s requirements were not met); *Sullivan v. State*, No. 02-20-00138-CR, 2021 WL 2586612, at *1–2 (Tex. App.—Fort Worth June 24, 2021, no pet.) (per curiam) (mem. op., not designated for publication) (similar).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 16, 2025