

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00230-CR

———————————————

PRESTON MERCEDES LIDDELL, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 3
Tarrant County, Texas
Trial Court No. 1850316

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Preston Mercedes Liddell attempts to appeal from an interlocutory order denying his motion to dismiss the criminal charges against him. But "in a criminal case[, appeals] are permitted only when they are specifically authorized by statute," *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceedings), and no statute authorizes a defendant's appeal from an interlocutory order denying a motion to dismiss, *Williams v. State*, No. 02-23-00330-CR, 2024 WL 368947, at *1 (Tex. App.—Fort Worth Feb. 1, 2024, no pet.) (mem. op., not designated for publication) ("An order denying a motion to dismiss is neither a judgment of conviction nor an interlocutory order made appealable by statute."); *Awadalla v. State*, No. 02-20-00102-CR, 2020 WL 5949918, at *1 (Tex. App.—Fort Worth Oct. 8, 2020, no pet.) (per curiam) (mem. op., not designated for publication) ("No statute authorizes an interlocutory appeal from a motion to dismiss."); *see Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) ("The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law.").

Accordingly, we notified Appellant that we lacked jurisdiction over his appeal, and we warned that we could dismiss the appeal unless he showed grounds for continuing it. *See* Tex. R. App. P. 43.2(f), 44.3. Appellant responded by arguing the merits of his dismissal complaint and by alleging that the trial court had handled his motion in a "fundamentally unfair" manner. Even if Appellant's contentions were

2

true, though, they would not confer the appellate jurisdiction needed for our review of the challenged interlocutory order.

We therefore dismiss the appeal for want of jurisdiction.[1]  Tex. R. App. P. 43.2(f); *see Williams*, 2024 WL 368947, at *1 (dismissing attempted appeal from interlocutory denial of dismissal motion).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 31, 2025

---

[1]All pending motions are denied as moot.