

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00393-CR

_____

VESHA MIKEONA SHAW, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 2
Tarrant County, Texas
Trial Court No. 1863017

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

On August 13, 2025, the trial court deferred adjudication of Appellant Vesha Mikeona Shaw's theft offense. Appellant did not appeal from the order of adjudication.

On October 1, 2025, Appellant filed a "Motion for Modification of Bill of Costs." The trial court denied the motion, and Appellant now attempts to appeal from that order.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding). "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008); *see also Bryant v. State*, 642 S.W.3d 847, 850 (Tex. App.—Waco 2021, no pet.) (op. on remand) ("Our reading of [various cases] and certain provisions of the Texas Code of Criminal Procedure regarding the collection of court costs[] lead us to conclude that we are authorized *on direct appeal* to order a modification of a bill of costs independent of finding an error in the trial court's judgment." (emphasis added)); *cf. Weaver v. State*, No. 12-20-00018-CR, 2020 WL 975355, at *1 (Tex. App.—Tyler Feb. 28, 2020, no pet.) (per curiam) (mem. op., not designated for publication) ("We have not located any rule or statutory or constitutional provision that would

authorize [a]ppellant's appeal from the trial court's denial of his motion for relief from attorney's fees and costs.").

We notified Appellant by letter of our jurisdiction concern, stating that the trial court's Order on Defendant's Motion for Modification signed on October 3, 2025, did not appear to be a judgment of conviction or an order made appealable by statute. We permitted Appellant ten days to respond showing grounds for continuing the appeal and warned that the appeal could be dismissed for want of jurisdiction. The deadline has elapsed, and Appellant did not file a response.

Because Appellant's appeal is not specifically authorized by law, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *cf. Weaver* 2020 WL 975355, at *2.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 18, 2025