

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| MORRIS ALLEN CARTER, | § | No. 08-25-00158-CR |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 243rd District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20240D04315) |
| | § | |
| | § | |

## MEMORANDUM OPINION

Appellant Morris Allen Carter filed a notice of appeal seeking to appeal from the trial court's order denying his motion for new trial, after his conviction, pursuant to a plea bargain, for one count of online solicitation of a minor for sexual contact and nine counts of online solicitation of a minor. Tex. Penal Code Ann. §§ 33.021(b), (c). Having reviewed the record and the trial court's certification of defendant's right of appeal—which certifies that Carter has no right of appeal—we dismiss for want of jurisdiction.

## I. BACKGROUND

The State charged Carter by indictment in ten counts, and pursuant to a plea-bargain agreement, Carter pleaded guilty to all counts. As part of the plea agreement, Carter expressly

waived his post-trial and appellate rights, as indicated in the following clause: "After having consulted my attorney, I do hereby voluntarily, in exchange for the pela agreement in this case, knowingly and intelligently waive my right to pursue a motion for new trial or appeal." In the plea agreement, the State recommended that Carter be sentenced to ten years' confinement, probated for five years with community supervision throughout probation, a $1000 fine, and community services hours to be performed during the community supervision. Because of the nature of the offenses involved, the State also recommended that Carter be required to register as a sex offender for a period of ten years, and that he be subject to "all other standard terms and conditions of probation." Tex. Code Crim. Proc. Ann. art. 62.051. The trial court accepted Carter's plea and assessed and imposed the State's recommended sentence in full—without modification. On the same day sentence was imposed, the trial court entered a certification of the defendant's right of appeal which states that this "is a plea-bargain case, and the defendant has NO right of appeal."

Six days after sentence was imposed, Carter moved to modify the terms of his probation. According to the motion, he received a call from the probation department that purportedly made him aware for the first time that the conditions of his probation forbade him from residing with his two minor children. The trial court held a hearing on the motion and considered Carter's assertion that he was newly informed of the restriction, which states: "Do not reside in a household or attempt to reside in a household where minor children live, or have contact with any children under the age of 17 years, without the approval of the Supervision Officer or the Court." Specifically, Carter represented that he did not understand that the prohibition extended to his own home and children. The probation officer, however, was present and stated that she reviewed the conditions and informed Carter that he could not live with minors during his probation. Following the explanation, Carter signed the terms and conditions, explicitly acknowledging: "I, the Defendant

in the above styled and numbered cause, acknowledge receipt of these terms and conditions of Community Supervision and understand all terms and conditions." Carter signed the terms and conditions form twice: once for count one (online solicitation of a minor by sexual contact), and once for counts 2–10 (online solicitation of a minor). The trial court granted Carter's motion and modified the terms and conditions to allow Carter to reside with his minor children.

Despite his express waiver, Carter timely filed a motion for new trial, accompanied by an affidavit, asserting a claim for ineffective assistance of counsel and arguing that he did not fully understand the extent of his plea. The trial court denied the motion, and Carter filed a notice of appeal specifically challenging the trial court's denial of his motion for new trial.

## II. ANALYSIS

In criminal cases, an appellate court has jurisdiction to consider appeals from a final judgment of conviction or those expressly authorized by statute. *See Abbot v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Id.* Although we recognize that Carter's notice of appeal explicitly states that he desires to appeal the order denying his motion for new trial, an order denying a motion for new trial is not separately appealable from the underlying conviction. *See Torres v. State*, No. 12-22-00004-CR, 2022 WL 399140, at *1 (Tex. App.—Tyler Feb. 9, 2022, no pet.) (mem. op., not designated for publication) (per curiam) ("An order denying a motion for new trial is not a separately appealable order.") (collecting cases).

But even setting that aside, this appeal faces an additional procedural hurdle that requires dismissal. Texas Rule of Appellate Procedure 25.2(d) requires courts of appeals to dismiss an appeal if the record does not contain a certification from the trial court showing that the defendant

3

has the right of appeal. Tex. R. App. P. 25.2(d); *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc) (instructing that court of appeals "must dismiss a prohibited appeal without further action, regardless of the basis for the appeal").

The certification in this appeal affirmatively shows that Carter entered a plea bargain and does not have the right of appeal. We notified Carter that this appeal would be submitted for dismissal based on the trial court's certification and requested a response. Carter filed a response; however, it does not address the jurisdictional deficiency identified in our notice. Under Rule 25.2(a)(2), a defendant who enters a plea bargain may appeal only:

(A) those matters raised by written motion filed and ruled on before trial,

(B) after getting the trial court's permission to appeal, or

(C) where the specific appeal is expressly authorized by statute.

Tex. R. App. P. 25.2(a)(2); Tex. Code Crim. Proc. Ann. art. 44.02. Carter's response neither disputes the certification nor attempts to demonstrate that this appeal falls within one of Rule 25.2(a)(2)'s permitted exceptions. Instead, Carter's response asserts that the trial court's failure to hold a hearing on his motion for new trial was error. As support, Carter cites to *Montelongo v. State*, 623 S.W.3d 819, 824–25 (Tex. Crim. App. 2021), a case which holds that timely filing and presentation of a motion for new trial preserves "the issue of whether the trial court erred in failing to hold [a] hearing" for appellate review. *Montelongo* does not hold that the trial court's denial of a motion for new trial without a hearing is error that entitles a defendant in a plea-bargain case to the right of appeal.

Moreover, the Texas Court of Criminal Appeals instructs that Rule 25.2(b) does not permit a plea-bargaining defendant to appeal matters related to voluntariness of the plea, which may be

raised by other procedures such as habeas corpus or a motion for new trial.[1] *Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001) (en banc); *see also Buck v. State*, 601 S.W.3d 365, 366 (Tex. Crim. App. 2020) (Keller, J., concurring) ("[O]n appeal, a defendant can challenge the existence of a plea bargain but not the voluntariness of a plea bargain."). "[T]he limitation on appeals in plea-bargain cases arises from an action of the defendant that cuts off his right to appeal." *Buck*, 601 S.W.3d at 366 (Keller, J., concurring). The record before us shows that Carter entered a plea bargain and waived his right to appeal. His attempt to challenge the voluntariness of his plea and the denial of his motion for new trial does not provide a basis for our jurisdiction. Tex. R. App. P. 25.2(a)(2).

## III. CONCLUSION

Because the trial court's certification of the defendant's right of appeal, which is signed by Carter, his counsel, and the trial court, affirmatively states that this "is a plea-bargain case, and the defendant has NO right of appeal," we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 25.2(d).

MARIA SALAS MENDOZA, Chief Justice

July 31, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[1] As stated previously, Carter waived the right to pursue a motion for new trial in his plea agreement. However, this does not preclude him from pursuing habeas relief.