

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00262-CR

VICTOR MORENO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. A-4582-16-02, Honorable Kregg Hukill, Presiding

September 30, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Victor Moreno, appearing pro se, appeals from the trial court's order mooting his "Motion to Void Indictment." We dismiss the purported appeal for want of jurisdiction.

In 2016, Appellant was convicted of aggravated assault with a deadly weapon[1] and sentenced to thirty years of confinement. He did not immediately appeal his conviction

---

[1] See TEX. PENAL CODE ANN. § 22.02(a)(2).

but instead filed notices of appeal in April 2018 and April 2020. Those appeals were dismissed for want of jurisdiction.[2] Appellant has since attempted several appeals from post-conviction orders which were also dismissed for want of jurisdiction.[3] In August 2025, Appellant filed a "Motion to Void Indictment," once more challenging his final felony conviction. On August 11, 2025, the trial court mooted the motion. Appellant now seeks to appeal that ruling.

We have jurisdiction to consider an appeal from a judgment of conviction or where appellate jurisdiction has been expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). The trial court's order dismissing Appellant's post-conviction motion to void the indictment as moot is neither a judgment of conviction nor an appealable order authorized by law. *See Moses v. State,* No. 05-19-01025-CR, 2019 Tex. App. LEXIS 8603, at *1 (Tex. App.—Dallas Sep. 24, 2019, no pet.) (mem. op.) (not designated for publication) (dismissing appeal from post-conviction order denying motion to quash indictment for lack of jurisdiction).

---

[2] *Moreno v. State*, Nos. 07-18-00123-CR, 07-18-00124-CR, 2018 Tex. App. LEXIS 2948, at *2 (Tex. App.—Amarillo Apr. 25, 2018, no pet.) (per curiam) (mem. op., not designated for publication); *Moreno v. State*, No. 07-20-00136-CR, 2020 Tex. App. LEXIS 5118, at *1 (Tex. App.—Amarillo July 10, 2020, no pet.) (per curiam) (mem. op., not designated for publication). We advised Appellant in both opinions that he could seek an out-of-time appeal by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals pursuant to article 11.07 of the Code of Criminal Procedure.

[3] *Moreno v. State*, No. 07-20-00239-CR, 2020 Tex. App. LEXIS 7486, at *2 (Tex. App.—Amarillo Sept. 15, 2020) (per curiam) (mem. op., not designated for publication) (appeal from order denying motion for appointed counsel); *Moreno v. State*, No. 07-21-00065-CR, 2021 Tex. App. LEXIS 3186, at *1–2 (Tex. App.—Amarillo Apr. 27, 2021, no pet.) (per curiam) (mem. op., not designated for publication) (appeal from *Order on Defendant's Motion to Reinstate Appeal*); *Moreno v. State*, Nos. 07-21-00269-CR, 07-21-00270-CR, 2021 Tex. App. LEXIS 9443, at *1 (Tex. App.—Amarillo Nov. 22, 2021, no pet.) (per curiam) (mem. op., not designated for publication) (appeal from orders denying motions for free copies of the record); *Moreno v. State*, No. 07-23-00103-CR, 2023 Tex. App. LEXIS 2611, at *3 (Tex. App.—Amarillo Apr. 21, 2023, no pet.) (per curiam) (mem. op., not designated for publication) (appeal from *Order on Defendant's Petition for Nunc Pro Tunc Order Seeking Deletion of Deadly Weapon Finding and Order on Defendant's Motion for Court Appointed Counsel*).

By letter of September 8, 2025, we directed Appellant to show how we have jurisdiction over this appeal. Appellant has filed a response but has not demonstrated grounds for continuing the appeal.

Because the order mooting Appellant's post-conviction motion to void the indictment is not an appealable order, we lack jurisdiction over the appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.

3